Mason SUMMERS and Violet Summers,
Plaintiffs-Respondents,

v.

Carl SITZE, Sandy Sitze, Fred G. Schwebel, William Schwebel, Edward Schwebel, Dorothy Schwebel Handley, Edwin J. Schwebel, Robert E. Schwebel, Roberta Ann Erhart, Hildegard A. Nolan and Marguerite Siefert, Defendants-Appellants.

No. 40594.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1979.

Northcutt Coil, Clayton, for defendants-appellants.

William F. James, Walter A. Hilgendorf, St. Louis, for plaintiffs-respondents.

CRIST, Judge.

Action to establish a will. A jury trial resulted in a verdict for the plaintiffs. We affirm.

On January 21, 1966, George A. Schwebel executed a three page will in proper form with proper attestation. The material part of that instrument, showing subsequent alterations, is as follows:

"SECOND: I give, devise and bequeath all of my property, both real and personal, wherever located and of whatever nature, to Marguerite A. Schwebel, my beloved mother, presently residing in the County of St. Louis, State of Missouri; should she predecease me, then I direct that this devise shall ~~pass jointly to Mason Summers and Violet Summers, his wife, my dear friends~~, presently residing ~~in the~~ County of St. Louis, State of Missouri; pass jointly to Carl Sitze and his wife Sandy Sitze my dear friends Rout [sic] 1, Holts Summit, Mo. 65043. ~~Quail Call Drive~~ Quail Call Drive should ~~Mason Summers or Violet Summers predecease me, then I direct that this share shall pass to the survivor of them~~; should Marguerite A. Schwebel, ~~Mason Summers, and Violet Summers~~ all predecease me, then I direct that this devise shall pass ~~to Kenneth Summers, my dear friend~~, to Betsy Sitze and Carrie Sitze, Route 1, Quail Call Drive, Holts Summit, Mo. 65043 ~~presently residing in the County of St. Louis, State of Missouri~~; should Marguerite A. Schwebel, ~~Mason Summers, Violet Summers and Kenneth Summers~~

all predecease me, I direct that this devise shall pass jointly to ~~James Summers~~ and ~~Rosemary Summers, his wife, my dear friends~~; should ~~James Summers or Rosemary Summers~~ predecease me, ~~then I direct that this devise shall pass to the survivor of them~~." The handwritten name of George A. Schwebel, Jr. accompanied the words "null and void this day June 20–1972," at the bottom of this page. An arrow drawn from the word "null" extended up the left-hand side of the page to a point at the middle of the page where the alterations were made.

---

George A. Schwebel died on or about June 27, 1975. When his will was filed with the probate court, the above changes had been made. There were no attesting witnesses to the handwritten changes. The probate court partially rejected the will. The plaintiffs instituted this action claiming that the will as originally written should be declared the last will and testament of George A. Schwebel. The jury agreed.

■ Plaintiffs, Mason Summers and Violet Summers, were beneficiaries under the will as originally written. They brought this action against the heirs at law of George A. Schwebel and Carl and Sandy Sitze. The Sitzes were interlineated as beneficiaries and concluded that the interlineations were not witnessed. Only the defendants named Schwebel are appealing. They complain that the case should not have been submitted to a jury. They contend that as a matter of law the testator, by canceling, obliterating, and voiding the will, revoked the will regardless of the efficacy of his alterations. Section 474.400 RSMo.1969 provides:

"No will in writing, except in the cases herein mentioned, nor any part thereof, shall be revoked, except by a subsequent will in writing, or by burning, canceling, tearing or obliterating the same, by the testator, or in his presence, and by his consent and direction."

Under the doctrine of dependent relative revocation, an unsuccessful effort to revoke a will by cancellation gives rise to a presumed intention that the original will shall remain in force, in the absence of contrary evidence. The intent of the decedent is of paramount importance in revocation cases, and is inherently a jury question. *Watson v. Landvatter*, 517 S.W.2d 117 (Mo. banc 1974); *Board of Trustees v. Welpton*, 284 S.W.2d 580 (Mo.1955). The facts surrounding the circumstances of revocation, partial revocation or non-revocation were material to prove intention. Decedent did not, as a matter of law, revoke the will or indicate an intent to die intestate in preference to the terms of the original will.

■ Review of appellants' second point, alleging error in the denial of their motion for directed verdict at the close of plaintiffs' case, was waived upon the introduction of their own evidence. *McCarty v. Donahue*, 545 S.W.2d 359 (Mo.App.1976). In any event, we believe the evidence presented factual issues for the jury.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.