Leo F. ALEXANDER, Respondent,

v.

ESTATE OF Edgar Thomas GROVES, Deceased, Linda Sue Groves, Administratrix, Appellant.

No. WD 31872.

Missouri Court of Appeals, Western District.

June 2, 1981.

Charles M. Warner, Kansas City, for appellant.

Ralph E. Smith, Butler, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

In this jury-tried case, respondent Alexander was awarded $2000.00 on his claim against the estate of Edgar Thomas Groves, deceased. The estate appeals contending error in the admission of irrelevant and prejudicial testimony over objection of the estate, and in the failure of the court to sustain the estate's motion for directed verdict. Affirmed.

Alexander, age 65 at the time of trial in 1980, had engaged in farming substantially all of his life. From 1929 until 1938, he was employed by Joe and Harve Groves, brothers. After 1938, when Joe Groves died, Alexander worked on a "50–50 basis" with Harve until the latter died in 1961. The Groves' farm property thereafter apparently descended to Martha, Harve's widow, and two children, Georgia Cobkin and the deceased, Edgar Thomas Groves. By agreement with Martha, Alexander continued to work at the farming enterprise contributing labor and produce from his own land acquired in 1946. No written agreement ever described the terms of arrangements be-

tween Alexander and any member of the Groves family.[1]

The time period of Alexander's claim was generally the years 1975 and 1976. Edgar died in February 1977. The claim was "For care of livestock of decedent, including the cutting and baling of hay and feed, and supplying of portions of feed for the two years next preceding the death of the decedent." Apparently, the "livestock of decedent" was intended to refer to Edgar's one-third interest in the joint enterprise. The gist of the claim was that Edgar had been incapacitated by physical illness and mental disorder for some two years before his death, that Alexander had therefore been obligated to perform extra services beyond that required of his one-third participation and that he was entitled to compensation at the fair value of such contribution.

Before Edgar's death, the financial circumstances of the Groves family were such that Alexander refrained from seeking the additional compensation now in issue. In 1977, however, after Edgar died, the herd of cattle was sold generating some $17,-000.00. Alexander then presented his demand and Martha elected to settle, on her part, by paying Alexander $1000.00. Linda, the recently widowed spouse of Edgar, was given the same opportunity but refused contending that nothing was owed.

The claim against the estate was based on quantum meruit for the added contribution by Alexander to the joint enterprise. He calculated extra labor which fell his lot because neither Edgar nor Martha significantly aided in tending the cattle or supplying feed and presented evidence that the labor was reasonably valued at $4.00 an hour and hay at $14.00 a ton. The jury found the issues for Alexander and allowed his claim against the estate in the amount of $2000.00.

In its first point on appeal, the estate contends that evidence by Alexander as to

arrangements for his compensation when employed by or associated with Joe and Harve Groves in farming operations between 1929 and 1961 was immaterial and irrelevant to the issue of what obligation may have been incurred by Edgar at a different time and that it was error to permit receipt of evidence regarding the earlier agreements. Cases which the estate cites include *Trask v. Davis*, 297 S.W.2d 792 (Mo.App.1957) and *Crowley v. Crowley*, 360 S.W.2d 293 (Mo.App.1962). Neither case aids the estate in its contention that the evidence should have been excluded.

■ *Crowley* was cited with approval in *Charles F. Curry and Company v. Hedrick*, 378 S.W.2d 522, 536 (Mo.1964) where the rule was stated: "Evidence is considered relevant if the fact it tends to establish tends in turn to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." Stated somewhat differently, evidence is relevant if the fact offered to be proved logically renders probable the existence of the fact in issue. *McIlroy v. Hamilton*, 539 S.W.2d 669, 676 (Mo.App.1976).

■ Proof of Alexander's claim depended in part on a showing of what the arrangements were with the Groves family to share the expenses and profits of the farming activities in which they were jointly engaged. Evidence of the agreements with Joe and Harve Groves in the earlier years was relevant, first because it tended to show a course of dealing on the same subject matter, and second because Martha had, according to Alexander, agreed to continue the same arrangement after Harve died. Quite obviously, the understanding with Martha would alone have been meaningless.

■ Irrespective of the question of relevancy, however, the estate's contention fails because there has been no showing of any prejudice which introduction of the evi-

---

1. While Alexander's claim of a "50–50 basis" agreement with Harve and Martha's acquiescence to continue that arrangement was not disputed, proceeds from sale of cattle after Harve's death were divided one-third each to Alexander, Martha and Edgar. This reduction in Alexander's share was not protested or explained and is not at issue here where the estate contests only Alexander's entitlement to specific recompense for extra services.

dence in issue is contended to have engendered. The estate made no issue of the agreement which controlled the farming operation since 1961 nor was the understanding between Harve and Alexander for a "50–50 basis" contested. The defense was predicated on evidence that Edgar and others had contributed labor during 1975 and 1976 and that Alexander had been fully compensated by his one-third share of the cattle sale proceeds.

Where no prejudice appears, error in admitting irrelevant evidence is harmless. *Sanders v. H & S Motor Freight, Inc.*, 526 S.W.2d 332, 335 (Mo.App.1975). The evidence of which the estate complains here concerned no disputed fact issue and could not have resulted in any prejudice even if improperly received.

In its second point, the estate posits error on the failure of the trial court to sustain the estate's motion for a directed verdict at the close of the plaintiff's case. Alexander's evidence, the estate contends, showed that Alexander received and presumably was satisfied with his one-third share from the sale of the cattle and rendered his bill for additional services as an afterthought, all of which discounted any intent on Alexander's part to charge for the services currently.

■ In the form presented, the second point is without merit because introduction of evidence for the defense waives appellate review of a motion for directed verdict at the close of the plaintiff's case. *Polovich v. Sayers*, 412 S.W.2d 436 (Mo.1967); *Summers v. Sitze*, 580 S.W.2d 562 (Mo.App.1979). Because the estate renewed its motion at the close of all the evidence, however, we will consider, ex gratia, whether Alexander, under all the evidence, made a submissible case.

■ In determining whether plaintiff has made a submissible case, the evidence is considered in the light most favorable to plaintiff and he is given the benefit of all favorable inferences that may reasonably be drawn from that evidence. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535,

538 (Mo.banc 1977). In a claim based on quantum meruit, the law implies a promise by one who receives valuable services or materials that he will pay a reasonable and just compensation which may be recovered in quantum meruit. *Berra v. Bieg Plumbing Co., Inc.*, 584 S.W.2d 116 (Mo.App.1979); *Schanz v. Estate of Terry*, 504 S.W.2d 653 (Mo.App.1974).

■■ Alexander's evidence demonstrated a reciprocal work arrangement with the Groves family in its farming operations for more than forty years. Until the two-year period of the claim, various family members had labored with Alexander tending the cattle and raising crops. With the onset of Edgar's illness, however, additional work fell upon Alexander but, according to his testimony, he deferred a request for payment until those who shared the benefit of his work realized cash income from liquidation of the cattle herd. Aside from the favorable view of the evidence to which Alexander is entitled on a motion for directed verdict, the facts so stated were virtually undisputed.

The estate's argument goes astray in that it seems to infer a burden on Alexander not only to prove the rendition of services but to show expectation on his part to receive payment. Absent a family relationship, the burden is on the resisting party to prove that the services were rendered without anticipation of compensation. *Smith v. Estate of Sypret*, 421 S.W.2d 9 (Mo.1967); *Upshaw v. Latham*, 486 S.W.2d 656 (Mo.App.1972).

Alexander made a submissible case by proof of services rendered. It was for the jury to decide whether the estate's evidence overcame the presumption that the services were not rendered gratuitously and, if not, what value was to be assigned.

The estate finally argues that the verdict of the jury was against the greater weight of the credible evidence. No exposition of this proposition appears nor is there any case citation. It requires no authority to dismiss this point summarily by noting that the appellate court does not function to

review the weight or credibility of evidence or witnesses in jury-tried cases.

The judgment is affirmed.

All concur.