Frank M. SAGEHORN, Appellant,

v.

PHILLIPS PETROLEUM CO., Respondent.

No. 43387.

Missouri Court of Appeals, Eastern District, Division Two.

March 15, 1983.

Koenigsdorf, Kusnetzky & Wyrsch, George A. Dorsey, Wayne T. Schoeneberg, St. Charles, for appellant.

Richard Schreiber, Clayton, for respondent.

SMITH, Judge.

Plaintiff, Frank Sagehorn, appeals from a judgment against him based upon a jury verdict in his suit for fraudulent misrepresentation. We affirm.

Plaintiff's suit was premised on certain representations he alleged were made to him by defendant at the time he took over a Phillips station at Olive and Ballas roads in St. Louis County. He bases reversal upon four alleged trial errors. Defendant has raised the contention that affirmance is required, not only because of the absence of error, but because plaintiff failed to make a case as a matter of law. We deal first with that contention.

■ Prior to the Olive-Ballas station, plaintiff had operated a Phillips station at Spoede and Ladue roads pursuant to an agreement with Top Heat Petroleum Company, a Phillips jobber, which had subleased the premises from Phillips. In 1967 plaintiff learned that the station was to be torn down and rebuilt which would take approximately six months. He also heard that Top Heat was going to change dealers at the larger Olive-Ballas station. Plaintiff sought to become the dealer for the larger station. Top Heat was agreeable to this, but Phillips was reticent. After some discussions with a local Phillips representative,

defendant agreed that plaintiff could serve as the dealer for Top Heat at the Olive-Ballas station. Sagehorn requested a lease (actually a sublease) from Top Heat and was advised that such a lease could be no more than a year to year or month to month tenancy. Plaintiff testified that Phillips represented that he could keep the station as long as his performance was satisfactory and that signing the lease was a formality. The sublease actually executed provided for termination by either party upon ten days notice. Plaintiff did not read the sublease when he signed it but claimed reliance upon the assurances of Phillips and Top Heat concerning satisfactory performance. The sublease was presented to him on the morning that he first began operating the station after he had moved his equipment in and was ready to commence business.

In 1971 Phillips terminated the lease with Top Heat pursuant to its provisions, and then terminated plaintiff's lease under the 10 day termination clause. Plaintiff adduced evidence from which a jury might believe that the termination occurred because plaintiff had improved the profitability of the station to the point where it was beneficial to defendant to take over the operation and run the station itself, which was done following the termination. Plaintiff further presented evidence which could warrant an inference that this was the intention of defendant at the time the alleged statement of satisfactory performance was made. Defendant's evidence showed continuing problems with plaintiff's operation of the station and if believed refuted any original intention of defendant to terminate plaintiff's dealership for any reason other than unsatisfactory performance.

█ Defendant premises its contention that no case was made solely upon the absence of a misrepresentation of a present fact. We limit our consideration to that contention. Defendant correctly asserts that generally a fraudulent misrepresentation to be actionable must be made regarding a present or pre-existing fact rather than a future event. However, fraud can also be premised upon a misrepresentation

regarding a present intention to perform an act in the future. In that situation the individual's intention at the time he makes the representation is considered to be a present fact. *White v. Mulvania,* 575 S.W.2d 184, (Mo. banc 1978) [6]; *March v. Gerstenschlager,* 436 S.W.2d 6 (Mo.1969) [4–6]; *Brennaman v. Andes & Roberts Brothers Construction Co.* 506 S.W.2d 462 (Mo. App.1973) [1–4]. Here, if plaintiff's evidence was believed, defendant intended, when the alleged representation was made, to take over the station if the station became sufficiently successful under plaintiff's management to make such a take-over profitable. If that was defendant's intention at the time of making the statement then its statement to the contrary was a misrepresentation. The evidence of a fraudulent misrepresentation was sufficient to take the case to the jury.

█ Plaintiff first complains that the trial court erred in failing to strike defendant's pleadings or to grant a mistrial when it was discovered during trial that defendant had failed to disclose and produce documents requested in pretrial discovery. The record reveals, and plaintiff concedes, that the non-disclosure was due to inadvertence of defendant's counsel and was not intentional. The documents involved were a file of complaints received by defendant concerning plaintiff's operation of the station. The trial court refused to allow the use of the complaints by defendant. Generally pleadings will not be stricken and a default judgment entered for failure to comply with discovery rules unless "the party has shown contumacious and deliberate disregard for the authority of the court." *In re Marriage of Dickey,* 553 S.W.2d 538 (Mo. App.1977) [5, 6]. The trial court "has a broad discretion to choose a course of action during trial when evidence is challenged on the ground it has not been disclosed by answers to interrogatories." *Aulgur v. Zylich,* 390 S.W.2d 553 (Mo.App.1965) [2, 3], *Schneider v. Finley,* 553 S.W.2d 727 (Mo.App.1977) [12]. It was primarily the duty of the trial court to determine whether prejudice existed from the nondisclosure. *Hilmer v. Hez-*

*el,* 492 S.W.2d 395 (Mo.App.1973). Granting of a mistrial is a drastic remedy to be used only when the prejudicial effect can be removed in no other way. *Brownridge v. Leslie,* 450 S.W.2d 214 (Mo.1970) [2, 3].

We are unable to find error or an abuse of discretion in the trial court's handling of the matter. The material was of attenuated relevancy to plaintiff's misrepresentation claim; its main relevancy was to a claim of wrongful termination abandoned by plaintiff at the close of the evidence. The material was in no way beneficial to plaintiff; its greatest value was to allow defendant to rebut inferences that it had intentionally destroyed the complaint file because of its insubstantial nature. Defendant was unable to use the material to rebut this inference. Plaintiff has failed to elucidate any specific way in which the failure to have the material prior to trial was prejudicial to him. He asserts in general language that it would have changed his trial strategy, but neither we nor the trial court have been informed of how. The action of the trial court properly balanced the rights of the parties and the interests of justice.

█ Plaintiff next contends that the trial court erred in refusing to submit his tendered verdict-directing instruction which did not require the jury to make a finding that plaintiff used ordinary care in relying on defendant's alleged misrepresentation. Such a deletion is permissible from MAI 23.05 when the issue of right to rely is not in issue. MAI 23.05 Note on Use 3 (Note 2 at the time of trial).

Plaintiff, an experienced businessman, claimed he relied upon defendant's statements in the face of a written lease which contained no similar assurances and which contained provisions for brief termination. Plaintiff had elicited evidence in his case that Phillips was reluctant to allow him to operate the station, and was not satisfied with his performance at his other Phillips station. Whether he had a right to rely upon the statements was a question for the jury, as it usually is. *Tietjens v. General Motors Corp.,* 418 S.W.2d 75 (Mo.1967) [4]; *Throckmorton v. M.F.A. Central Cooperative,* 462 S.W.2d 138 (Mo.App.1970) [1]. Nor was plaintiff in a confidential relationship with Phillips as he contends. He was not a dealer for Phillips, he was Top Heat's dealer. While plaintiff had been a dealer for Top Heat previously, this transaction did not arise from that dealership because plaintiff desired to enter into a new and different relationship. The evidence shows an arm's length business transaction between the three parties in entering into the Olive-Ballas operation. We are aware of no cases in Missouri which hold that the relationships of oil company-jobber-dealer are fiduciary in nature.[1] We find no error in the court's refusal of plaintiff's tendered instruction.

█ Plaintiff also complains of the action of the trial court in allowing cross-examination of plaintiff by defendant of lease arrangements between plaintiff and other oil companies subsequent to the execution of the sublease in question. Plaintiff raised his present objection of relevancy to only two questions—how many leases he had signed subsequent to the Top Heat lease and what was the length of his present lease. The remaining questions on this matter were not objected to and plaintiff's present objections are not preserved for review. As to the two questions before us, we are unable to find the relevance of the challenged testimony. But neither do we find prejudice. *Alexander v. Estate of Groves,* 618 S.W.2d 233 (Mo.App.1981) [3, 4]. His answer to both questions—"seven" and "one year"—were innocuous. Plaintiff testified to the differences between the Top Heat lease and his subsequent leases with another oil company, the more favorable nature of those leases, and that following his experience with Phillips he consulted an attorney before signing leases. At most,

---

1. Plaintiff relies upon *Arnott v. American Oil Co.,* 609 F.2d 873 (8th Cir.1979) [5]. That case arose under South Dakota law which arguably creates a fiduciary relationship between the oil company and the dealer after creation of the dealer relationship. Missouri has no comparable law.

651

the evidence indicated that having been once burned, plaintiff avoided the same fire. Plaintiff points to no prejudice engendered by this evidence and nothing about it was inflammatory.

Plaintiff's final point concerns the testimony of a witness for defendant concerning defendant's operations and policy in the St. Louis area. We find neither a lack of foundation for the testimony nor an absence of relevance.

Judgment affirmed.

DOWD, P.J., and GAERTNER, J., concur.