**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION OF MISSOURI, (Now Missouri Highway & Transportation Commission) Plaintiff-Respondent,**

v.

**COOL'S TALL TOWER RESTAURANT AND MARINA, INC., et al., Exceptions of Cool's Tall Tower Restaurant and Marina, Inc., Defendant-Appellant.**

No. 12975.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 1983.

Motion for Transfer to Supreme Court
Denied June 7, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Mo. Highway & Transp. Comm'n, Jefferson City, for plaintiff-respondent.

Hal B. Coleman, Michael M. Sayers, Coleman, Ross, Carey, Goetz & Schaaf, Inc., Clayton, for defendant-appellant.

PER CURIAM:

Plaintiff instituted this condemnation suit on June 13, 1978, in the Circuit Court of Camden County against defendant et al. to acquire property for state highway purposes. Defendant excepted to the $230,000 commissioners' award. The cause was transferred to Laclede County August 6, 1979, and defendant now appeals from the August 5, 1982, judgment entered on the jury's verdict fixing defendant's damages at $156,000.

Acceding to plaintiff's objections, the court nisi refused to permit the defendant's only four expert evaluation witnesses (Bellmer, Samuelson, Gore and Ebling) to testify because their names had not been timely revealed to plaintiff in answering propounded interrogatories. The propriety vel non of the trial court's ruling is the sole question for determination on appeal and to discover the answer thereto we need consider part of the chronology of the suit.

*April 18, 1980*—Plaintiff filed interrogatories asking defendant, inter alia, to state the names and addresses of all expert witnesses defendant intended to produce at trial and the general nature of the testimony of each such witness.

*June 15, 1981*—Defendant answered: "None at the present time."

*March 10 and 11, 1982*—(9 months after defendant answered plaintiff's interrogatory, supra) The court set the case for trial on Tuesday, July 20, 1982, and notified counsel of the setting.

*July 15, 1982*—(a Thursday, or one year and 1 month after defendant answered plaintiff's interrogatory and 5 days before trial) Defendant filed a supplemental answer to plaintiff's interrogatory listing the names of Bellmer and Samuelson.

*July 19, 1982*—(a Monday and one day before trial) Plaintiff filed its objections to defendant's supplemental answer to the interrogatory and moved to exclude Bellmer and Samuelson as expert witnesses.

*July 20, 1982*—(the morning of trial) Defendant's counsel orally notified plaintiff he intended to also call Gore and Ebling as expert witnesses in addition to Bellmer and Samuelson. After hearing argument of counsel, the court ruled and excluded the testimony of defendant's four expert witnesses.

Missouri Rules of Court, V.A.M.R., provide that via interrogatories a party may require the other party to identify each person he expects "to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify." Rule 56.-01(b)(4)(a). Also, a party who has once responded to written interrogatories "is under a duty *seasonably* to supplement his response with respect to any question directly addressed to . . . the identity of each person expected to be called as an expert witness at trial and the general nature of the subject matter on which the expert is expected to testify." (emphasis supplied). Rule 56.01(e)(1)(B).

In most eminent domain proceedings the paramount issue, if not the only issue, concerns the amount of defendant's damages. *State ex rel. State Highway Commission v. Davis,* 466 S.W.2d 172, 173 (Mo.App.1971). Consequently, the *timely* discovery of the identity of defendant's expert witnesses assumes great importance. Present counsel for defendant entered their appearance in the cause on May 23, 1979, or some three years before the case was set for trial. Surely during that time, especially after the subject was broached through plaintiff's interrogatories, defendant could and should have ascertained the identity of expert witnesses so as to *seasonably* have informed plaintiff of the same. Defendant's presi-

dent testified at trial that in his opinion the fair market value of the condemned property was between $530,000 and $580,000. With property of this alleged value at stake, it appears unbelieveable that during defendant's representation by counsel for over three years that no discovery of a single expert witness had been made. Moreover, if in fact two of the proposed experts had not been unearthed until a mere five days before trial and the other two discovered only upon the eve of trial, one could assume the existence of an extreme laxity in trial preparation which merits no judicial indulgence by either permitting the experts to testify or by granting defendant's request for a continuance.

■ A trial court, without doubt, has authority to impose sanctions against a party for making evasive answers to questions propounded via interrogatories. *Hilmer v. Hezel,* 492 S.W.2d 395, 397 (Mo.App.1973). Whether a party is prejudiced by evasive answers and what sanctions should be imposed upon him who evasively answers interrogatory questions, is originally for determination of the trial court in the exercise of its sound discretion. *Missouri State Park Board v. McDaniel,* 473 S.W.2d 774, 776 (Mo.App.1971), 51 A.L.R.3d 1040 (1973). Each case, of necessity, must be determined upon its own peculiar facts in deciding whether the court nisi has abused its discretion in imposing the particular sanctions. *State ex rel. Norfolk & Western Ry. Co. v. Dowd,* 448 S.W.2d 1, 4[4] (Mo. banc 1969); *Thomas v. Bank of Springfield,* 631 S.W.2d 346, 352[10] (Mo.App.1982); *Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 5 (Mo.App.1980). The circuit court, as the fact finder on all presentments made to it, has leave to believe or disbelieve all, part or none of any party's representations. Cf. *Grinnell Mut. Reinsurance Co. v. Scott,* 628 S.W.2d 355, 357[5, 6] (Mo.App.1981). Under the facts surrounding the instant action we may not declare that the sanctions imposed by the trial court constituted an abuse of its sound discretion.

This court has also determined that oral argument of this cause on appeal would not be beneficial. Therefore, oral argument heretofore requested by the parties is denied and the cause has been determined as submitted on briefs per our Special Rule 1(e), Missouri Rules of Court 1983, p. 453.

Judgment affirmed.

All concur.