Irvin C. HARTING and Francis M. Harting, his wife, Plaintiffs-Respondents,

v.

Francis R. STOUT, Eugenia G. Stout, Richard M. Stout, and Susan Schepman, Defendants,

and

Susan Schepman, Appellant.

No. 48864.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 30, 1985.

Richard M. Stout, Chesterfield, for appellant.

David C. Drury, St. Louis, for plaintiffs-respondents.

DONALD L. MANFORD, Special Judge.

The original action herein seeks damages for fraud and the recision of a contract for the purchase of real property. This appeal lies from an order awarding the sum of Five Hundred Dollars ($500.00) against one defendant for failure to appear for deposition. This appeal is dismissed.

While appellant formally presents two points charging how the trial court erred, it is unnecessary for purposes of the disposition of this appeal to even take up or discuss either point.

The file as provided this court reveals a dispute over the attempt by respondents to secure the deposition of appellant, Susan Schepman, and her attempt to comply or her failure to do so. Respondents ultimately filed a motion to strike pleadings. That motion was overruled, but the trial court awarded respondents the sum of $500.00 against Susan Schepman. The cross-motion of Susan Schepman for the appointment of a commissioner and for sanctions was overruled, except the trial court, in its order, appointed a commissioner and apportioned the costs for same between the parties. Susan Schepman filed her motion to designate the $500.00 order (judgment) as final for purposes of appeal. The trial court ordered the same as final for purposes of appeal and set a $750.00 bond. This appeal followed.

While appellant sets forth a factual-legal argument attacking the validity of the $500.00 award (to which respondents have filed no brief), appellant misses the entire point regarding this appeal. The mistake by appellant is understandable due to the error committed by the trial court. It is evident that neither appellant nor the trial court understand the import or intent of Rule 81.05.

■ Rule 81.05 requires that before a cause is appealable, the judgment from which the appeal is taken must have disposed of all issues and all the parties. This is required to prevent piecemeal litigation or presentment of cases on appeal. *Warmann v. Ebeling*, 625 S.W.2d 691 (Mo.App. 1981). This court is required sua sponte to determine whether a judgment is final for purposes of appeal; and if the appeal is found to be premature, the appeal must be dismissed. *Haley v. City of Linn Creek*, 583 S.W.2d 590 (Mo.App.1979), *International Harvester Credit Corp. v. Formento*, 621 S.W.2d 90 (Mo.App.1981).

■ The imposition of sanctions lies within the sound discretion of the trial court. Upon review, determination is made if there has been an abuse of that discretion and the absence of any abuse requires the action of the trial court to be sustained. *State ex rel. State Highway Commission of Missouri v. Cool's Tall Tower Restaurant & Marina, Inc.*, 654 S.W.2d 224 (Mo. App.1983). The sanction imposed herein in the form of a $500.00 assessment did not dispose of all the issues and all the parties. Such action is obviously not like and should be contrasted with sanctions resulting in entry of a dismissal of the pending action or summary judgment. The action taken herein was merely interlocutory and hence the appeal therefrom was premature.

The mere fact that the trial court herein designated its order as final for purposes of appeal (such action being authorized under Rule 81.06), did not render the order appealable. "It should first be noted that the description of the order as final for the purpose of appeal is without effect since the trial court cannot make a judgment final which is not, in fact, final." *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App. 1984). A further note is in order that Rule 81.06 is not applicable to the present proceedings.

The appeal herein is premature, as the order by the trial court in awarding the $500.00 to respondents upon appellant's failure to appear for the purpose of giving her deposition was interlocutory and the order was not final for the purpose of appeal therefrom.

Appeal dismissed.

DOWD, P.J., and KELLY, J., concur.