STATE ex rel. MISSOURI HIGHWAY
AND TRANSPORTATION
COMMISSION, Appellant,

v.

Noland D. PULLY & Illah Marie
Pulley, Respondents.

No. WD 38542.

Missouri Court of Appeals,
Western District.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 29, 1987.

Rich Tiemeyer, Chief Counsel, Earl H. Schrader, Jr. and Thomas W. Rynard, Asst. Counsel of Missouri Highway & Transp. Com'n, Kansas City, for appellant.

Robert B. Paden, Maysville, for respondents.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

Appellant appeals an order of the trial court setting aside a jury verdict, imposing sanctions, and entering its judgment in favor of respondents.

The pertinent facts are as follows:

The Missouri Highway and Transportation Commission (hereinafter appellant) initiated a condemnation action on March 29, 1984, against Noland D. and Illah Marie Pulley (hereinafter respondents) for the purposes of acquiring property owned by them which was needed to make improvements to Missouri Route 6 in DeKalb County. Commissioners were appointed and in a report filed by them, the Commissioners set $35,794.00 as the amount of damages which would be incurred by respondents as a result of the taking by appellant. Appellant paid the amount of the Commissioners' award into the registry of the court and filed its exceptions to the Commissioners' report.

On February 5, 1986, counsel for respondents received a letter from Mallory Burnett, assistant counsel for appellant, informing counsel that respondents' tract of land had been appraised by a Mr. John Kemmer. Respondents then served interrogatories upon appellant, the first interrogatory stating:

1. Please state the name and address and qualification of each person whom the plaintiff intends to call as an expert witness at the trial of this cause and state the general nature of the subject matter on which the expect [sic] is expected to testify.

The other three interrogatories requested, respectively, the qualifications of the expert witnesses identified in response to in-

terrogatory number 1, the conclusions of the expert witnesses identified in response to interrogatory number 1 and the manner in which those conclusions were arrived at, and the name, address and qualifications of any expert witness who would be testifying with respect to the value of a new well on respondents' property.

Ms. Burnett answered the interrogatories on behalf of appellant, signing them in the capacity of affiant and as counsel for appellant. The response to interrogatory number 1 was "Unknown at this time"; the response to interrogatories 2 and 3 was "Not applicable"; and the response to interrogatory number 4 was "Unknown at this time". The answers were sworn to on February 11, 1986, and the document was filed with the circuit court on February 13, 1986.

On March 20, 1986, four days before the trial setting, Ms. Burnett telephoned counsel for respondents and informed him that Darrell Knetzer and John Kemmer would be called as expert witnesses by appellant, and that these witnesses would testify as to the value of the property taken by appellant. A follow-up letter reciting the above information was received by counsel for respondents on March 21, 1986. No supplemental answers to the interrogatories were filed with the circuit court. At no time after the receipt of the information did counsel for respondents request an opportunity to depose the expert witness.

On March 21, 1986, respondents filed a motion to impose sanctions on the grounds that the interrogatories concerning the identity of the expert witnesses had not been supplemented and, if it was now made, such supplement would not be timely. The motion went on to cite three instances of prejudice which inured to respondents. The relief requested by respondents was a dismissal of appellant's exceptions to the Commissioners' award or, alternatively, an exclusion of the testimony of any and all expert witnesses on appellant's behalf.

On the morning of trial, March 24, 1986, the court first held a hearing in chambers on the motion to impose sanctions. Counsel for respondents reiterated most of the facts as set forth *supra* and went on to cite instances of prejudice. Responding to the motion was Earl Schrader, assistant counsel to appellant, who stated that appellant had fully complied with the rules of discovery, and further, that it was appellant's position that the opinion value of an expert appraiser in condemnation actions was not discoverable as it was an attorney's work product. Appellant cited *State ex rel. State Highway Commission v. Kalivas*, 484 S.W.2d 292 (Mo.1972), as dispositive on this issue. The court overruled the motion, holding that the expert's opinions were work product and not discoverable.[1] The cause proceeded to trial.

---

1. Although appellant failed to raise the point on appeal, it noted in oral arguments that the Missouri Court of Appeals, Southern District, had addressed the question of whether facts known and opinions held by experts in condemnation actions are work product, thereby privileged information and not discoverable. The above-referred-to case, *State ex rel. Missouri Highway and Transportation Commission v. Anderson*, S.D. 14271, June 17, 1986, was an original proceeding in prohibition and mandamus and, at the time of oral argument in the case at bar, was pending before the Missouri Supreme Court. The opinion in *Anderson* has since been handed down by the supreme court. *See State ex rel. Missouri Highway and Transportation Commission v. Anderson*, 735 S.W.2d 350 (Mo. banc 1987).

This court determines that the holding in *Anderson* does not apply to the case at bar for the following reasons: In *Anderson*, the owners of the property in question requested that the circuit court issue subpoenas duces tecum to two of relator's appraisers. The subpoenas directed the appraisers to produce all notes, memoranda, summaries, or written documents which they had used in making their precondemnation appraisals for the relator. The relator moved to quash the subpoenas and the circuit court overruled the motion. Relator sought and obtained in the Court of Appeals, Southern District, the Alternative Writ of Mandamus and the Preliminary Writ of Prohibition, both later quashed by opinion.

The supreme court held that *notes and memoranda* of appraisers in condemnation actions are not discoverable either because they are privileged as held in *State ex rel. State Highway Commission v. Dalton*, 498 S.W.2d 801 (Mo. banc 1973); *State ex rel. State Highway Commission v. Kalivas*, 484 S.W.2d 292 (Mo.1972); and *State ex rel. State Highway Commission v. Jensen*, 362 S.W.2d 568 (Mo. banc 1962), or because Rule 56.01(b)(4) permits discovery of

Respondents' evidence consisted of the testimony of five witnesses: themselves, a realtor, a well-driller, and an environmental sanitarian from the Missouri Division of Health. Each witness testified as to his or her opinion as to the value of the property taken by appellant and as to other damages incurred by respondents as a result of the taking.

Appellant only called two witnesses: Darrell Knetzer and John Kemmer. Each testified as to his expert opinion of the value of the property taken and other damages. Needless to say, appellant's witnesses' values were substantially lower than those testified to by respondents' witnesses.

The jury returned its verdict in favor of respondents and assessed damages at $20,000.00, and the court entered its judgment on the verdict.

Respondents filed a post-trial motion requesting, among other things, that sanctions be imposed for violations of the rules of discovery and for a setting aside of the verdict or, in the alternative, for new trial. Following a hearing on the motion, the court granted respondents' motion, imposed sanctions, set aside the verdict and entered its judgment in favor of respondents in the amount of $40,000.00. In its order, the court stated that appellant's failure to timely supplement its answer to respondents' interrogatories did not "amount to good faith compliance with the rule on discovery." The court further stated:

The Court should have sustained the motion for sanctions and should have prohibited said witnesses from testifying. Had that been done, the only evidence left for the jury in deciding the amount of damages would have been the amount of $40,000.00 offered in evidence by [respondents]. Since this is a condemnation case, the only issue is amount of damages and the Court should have directed a verdict in said sum.

Appellant challenges the setting aside of the verdict, the imposition of sanctions, and the entry of a judgment in the amount of $40,000.00, and raises five points of error. Appellant charges that the trial court erred in that (1) there was no factual basis for the court's finding that appellant failed to supplement its answers to respondents' interrogatories; (2) respondents failed to show that they were prejudiced by appellant's alleged failure to comply with discovery; (3) the exclusion of appellant's witnesses' testimony was too harsh a sanction as a matter of law; (4) the procedural device utilized by the trial court to enter judgment for respondents violated the Missouri Rules of Civil Procedure; and (5) the testimony of respondents' witnesses was insufficient to support the judgment entry.

Appellant's point (1) addresses the question: Were appellant's supplemental responses to respondents' interrogatories "seasonable" as that term is used in Rule 56.01(e), which states:

A party who has responded to written interrogatories with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to ... (B) the identity of each person expected to be called as an expert witness at trial and the general nature of the subject matter on which the expert is expected to testify.

■ The word "seasonable" is defined as follows: "An action is seasonable when taken within the time agreed or if no time is agreed within a reasonable time." Black's Law Dictionary 1212 (rev. 5th Ed. 1979). Since no time was agreed in the present case, the supplemental responses were "seasonable" if made within a reasonable time.

facts known and opinions held by experts by way of interrogatories and depositions, but does not permit discovery of notes and memoranda.

In the present case, respondents sought discovery by way of interrogatories. Respondents did not request notes and memoranda. Therefore, the holding in *Anderson* cannot be applied to the present case and the facts and opinions of the experts herein are discoverable pursuant to Rule 56.01(b)(4).

■ Because the word "reasonable" does not lend itself to precise definition, any determination of reasonableness must be made on a case-by-case basis, considering all the facts and circumstances. Appellant initiated this action in March of 1984, some two years prior to trial, and filed its exceptions to the Commissioners' report in July of 1984. Surely during that two-year period, especially after the subject was broached through respondents' interrogatories, appellant should and could have ascertained the identity of expert witnesses so as to "seasonably" have informed respondents of same. This court holds that appellant's supplemental response to respondents' interrogatories was not seasonable and the trial court did not err in finding that appellant's failure to seasonably supplement its responses constituted a violation of the Rules of Discovery. (*See State ex rel. State Highway Commission of Missouri v. Cool's Tall Tower Restaurant and Marina, Inc.*, 654 S.W.2d 224 (Mo. App.1983), wherein the court held that defendant in condemnation action did not seasonably supplement response to interrogatory concerning identity of expert witnesses where supplemental response was filed four years after the initiation of the action and five days before trial.)

Respondents raise the argument that appellant's attempt to supplement its responses to interrogatories did not comply with the Rules as to the form of the supplemental response, and therefore there was no supplemental response. Specifically, Rule 57.01 states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, ..." Respondents argue that since the letter sent by appellant's attorney, informing respondents of the expert witnesses, was not sworn to under oath, then it does not constitute a supplemental response under Rule 56.01(e).

Appellant replies and states that the rule providing for supplementation of responses does not require that said supplementation be in writing under oath, and therefore, appellant's letter to respondents qualifies as a supplemental response under Rule 56.-01(e).

This court notes respondents' argument but declines to rule on this point because this court finds that appellant failed to seasonably supplement its responses to interrogatories.

Appellant's point (2) charges that the trial court erred in imposing sanctions because respondents failed to show that they were prejudiced by appellant's failure to comply with discovery.

■ A trial court, without doubt, has the authority to impose sanctions against a party who fails to comply with discovery, but prior to imposing sanctions on the errant party, the trial court must first determine whether, in a particular situation, the opposing party has been prejudiced. *Crompton v. Curtis-Toledo, Inc.*, 661 S.W.2d 645, 650 (Mo.App.1983). Appellant argues that although respondents cited three instances of prejudice in their motion for sanctions during the pre-trial hearing on said motion, the trial court, in its order, did not make a specific finding of prejudice, and absent such finding the trial court has no authority to impose sanctions.

■ In their motion for sanctions and at the hearing on said motion, respondents alleged that they were prejudiced by appellant's failure to comply with discovery in that the supplemental response was made so near to trial that respondents, in effect, were deprived the right to depose the witnesses. In its order imposing sanctions, the trial court stated: "Four days before trial did not afford a reasonable time for [respondents] to follow up with depositions."

■ This court holds that the trial court found that respondents were prejudiced and said finding is supported by the evidence.

Appellant argues for its point (3) that the trial court erred in striking the testimony of appellant's expert witnesses because such sanction was too harsh as a matter of law.

■ A trial court has broad discretion in its decision to impose sanctions and such sanctions may include the exclusion of tes-

timony on the basis that it was not disclosed by answers to interrogatories. *See State ex rel. State Highway Commission of Missouri v. Cool's Tall Tower Restaurant and Marina, Inc., supra* 654 S.W.2d at 226. Each case, of necessity, must be determined upon its own peculiar facts in deciding whether the court nisi has abused its discretion in imposing the particular sanctions. *Thomas v. Bank of Springfield*, 631 S.W.2d 346, 352 (Mo.App.1982).

Appellant argues that a trial court abuses its discretion in imposing sanctions for failure to comply with discovery absent a finding that the errant party "has shown contumacious and deliberate disregard for the authority of the court," citing *Foster v. Kohm*, 661 S.W.2d 628, 632 (Mo.App.1983) and *Sagehorn v. Phillips Petroleum Co.*, 648 S.W.2d 647, 649 (Mo.App.1983). However, in both *Sagehorn* and *Foster*, the sanction sought or imposed was the striking of the pleadings of the errant party and dismissal of the action. Such a remedy would serve to completely destroy the plaintiffs' case. In such circumstances, it is error and an abuse of discretion for a trial court to impose such a harsh sanction without a finding that the errant party has shown a contumacious and deliberate disregard for the authority of the court.

In the present case, however, the sanction imposed did not destroy appellant's case. Appellant was allowed to proceed to trial and cross-examined respondents' witnesses and could have presented other evidence besides the testimony of the expert witnesses. This court holds that the trial court did not abuse its discretion and the sanctions imposed were not too harsh as a matter of law.

Appellant next argues that the trial court erred in setting aside the jury verdict and in entering judgment in favor of respondents for $40,000.00 because the trial court had no authority to do so under the Rules of Civil Procedure. This court agrees.

The Rules of Civil Procedure provide that following a jury trial, the trial court may entertain motions for new trial and/or for judgment notwithstanding the verdict. *See* Rules 78.01 and 72.01(b). No other motions are contemplated or allowed by the Rules. *See Hopkins v. North American Company for Life and Health Insurance*, 594 S.W.2d 310, 317 (Mo.App. 1980); *Elmore v. Whorton*, 581 S.W.2d 950, 951 (Mo.App.1979); and *Milner v. Texas Discount Gas Co.*, 559 S.W.2d 547, 550 (Mo.App.1977).

Respondents' motion sought the imposition of sanctions for the violation of the Rules of Discovery, and alternatively requested that the trial court set aside the jury verdict or grant a new trial. The motion did not request that the trial court enter a judgment notwithstanding the verdict, and if such remedy had been requested the trial court could not have considered it because respondents failed to move for directed verdict at the close of the evidence.

The trial court erred in setting aside the jury verdict, as such is not allowed under the Rules of Civil Procedure. Furthermore, and as a brief response to appellant's point (5), the trial court erred in entering a judgment of $40,000.00 because the jury, as fact finder, is to determine the amount of damages and it is at liberty to believe or disbelieve respondents' evidence. *State ex rel. State Highway Commission v. Kemper*, 542 S.W.2d 798, 804 (Mo.App.1976).

The disposition of this case presents a slight dilemma. If this court were to reverse the cause and direct the trial court to reinstate the $20,000.00 jury verdict, respondents will be left with a verdict based upon an unfair trial because of the prejudicial effect of appellant's violation of the Rules of Discovery, and respondents would be unable to appeal the unfair verdict. However, this court cannot let stand the trial court's order setting aside the verdict and entering a judgment of $40,000.00. Therefore, this court determines that the order of the trial court shall be reversed and the cause remanded for new trial. Should this cause again proceed to trial, the testimony of expert witnesses on behalf of either party may be allowed

 

upon full compliance with the Rules of Discovery.

All concur.