**FIDELITY NATIONAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Peggy SNOW, Defendant–Respondent.**

**No. 23473.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 2000.

Jerome F. Raskas, Peter H. Love, Goff-stein, Raskas, Pomerantz, Kraus & Sherman, L.L.C., St. Louis, for Appellant.

Craig F. Lowther, Justin A. Harris, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for Respondent.

KENNETH W. SHRUM, Judge.

Plaintiff appeals from a judgment that sustained Defendant's motion for sanctions and awarded Defendant $5000 as a sanction for Plaintiff's failure to comply with discovery requests. We reverse.

This case began when Plaintiff filed a five-count petition against Defendant, who was a former vice-president and branch manager for Plaintiff. Plaintiff sought an accounting and damages from Defendant on various theories.

The docket sheet reveals more than a twenty-seven month discovery battle of nearly indescribable dimensions between the litigants. On January 11, 2000, Defendant filed an unverified motion in which she asked the court to sanction Plaintiff for failure to make discovery. Docket entries on January 12, 2000, addressed several discovery issues, but recited the court was taking Defendant's sanction motion "under advisement." The record does not show evidence was adduced on the sanction motion.

On January 13, 2000, the trial judge sustained Defendant's motion for sanctions based "on the totality of the circumstances" and ordered Plaintiff to pay Defendant $5000 "for abuse of the discovery process." On January 21, 2000, Plaintiff dismissed its lawsuit. The court then entered judgment against Plaintiff for court costs and the $5000 sanction. This appeal by Plaintiff followed.

After Plaintiff filed its brief with this court, the parties filed a joint motion and stipulation requesting we consider the case upon the record proper without the submission of a respondent's brief, and further urged we enter our mandate reversing and vacating the trial court's judgment and order. In their joint filing, Defendant "adopts, confesses and consents to the Statement, Brief, and Argument filed by ... Plaintiff ... and, further, urges [this] court to grant the relief [Plaintiff] has requested therein." Also, the parties stipulated and agreed, *inter alia*, this court should reverse the judgment for sanctions because "no substantial evidence supports either the substantive allegations of the

motion or the amount of the court's judgment of $5,000.00."[1]

■ We consider the parties' joint request for reversal with the following principles in mind. Trial courts have the task of ensuring discovery rules are followed and litigation is expedited. *Whitworth v. Whitworth,* 878 S.W.2d 479, 482[5] (Mo. App.1994). Moreover, trial courts are vested with broad discretion in the imposition of Rule 61 sanctions and exercise of that discretion will not be disturbed on review unless it is unjust. *Id.* at 481[3].

■ However, a trial court's discretion as to the imposition of sanctions for failure to comply with discovery procedures is not unfettered. *St. Louis County v. Pennington,* 827 S.W.2d 265, 266[2] (Mo.App.1992). Each case, of necessity, must be determined on its own peculiar facts in deciding whether the trial court has abused its discretion in imposing the particular sanctions. *State ex rel. Missouri Highway & Transp. Comm'n v. Pully,* 737 S.W.2d 241, 246[9] (Mo.App.1987).

■ Case law teaches there are two prerequisites for the imposition of sanctions for failure to make discovery. The first of these is the general requirement that the trial court decide whether the opposing party has been prejudiced. *Pully,* 737 S.W.2d at 245[5]; *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 871 (Mo.App.1986); *see*

*also Eagleburger v. Emerson Elec. Co.,* 794 S.W.2d 210, 233–34 (Mo.App.1990); *Dunn v. Wal–Mart Stores, Inc.,* 909 S.W.2d 728, 733[5] (Mo.App.1995).[2] Also, case law teaches that claims of prejudice grounded in an opposing party's failure to make discovery must have evidentiary support. *See Pully,* 737 S.W.2d at 245. A motion for sanctions regarding failure to cooperate in discovery does not prove itself and the burden is on the moving party to prove its allegations. *Ballesteros v. Johnson,* 812 S.W.2d 217, 224[23] (Mo.App. 1991).

■ As noted earlier, apparently neither party offered evidence in support of their respective positions regarding Defendant's motion for sanctions. Moreover, none of the discovery requests or objections thereto are before this court. We only have the docket sheet which shows problems existed, but does not show whether the discovery sought was objectionable. Accordingly, we cannot determine whether Defendant's complaints about Plaintiff's discovery abuses are valid, or whether Defendant was prejudiced by Plaintiff's failure to make discovery. What we can ascertain is Defendant concedes she "submitted no evidence to the trial court to support the substantive allegations of the motion or to support any attorneys fees or expenses." Specifically, Defendant agrees she adduced no evidence relating to the "general course of discov-

---

1. No issue is presented on appeal concerning the court cost part of the judgment. In the joint stipulation, Defendant "acknowledg[ed] satisfaction of all court costs assessed in the trial court." Also, the parties jointly requested that any mandate issued by this court recite that "each party to bear their own costs, attorney's fees and expenses incurred in said litigation."

2. The second prerequisite to striking the disobedient party's pleadings or entering a judgment is a record which supports a finding that such party has shown a contumacious disregard for the authority of the court. *Foster v. Kohm,* 661 S.W.2d 628, 632[4] (Mo.App. 1983); *Sagehorn v. Phillips Petroleum Co.,* 648 S.W.2d 647, 649[4] (Mo.App.1983). The docket sheet suggests that these parties and

their lawyers probably did show such disregard for the court and the rules of discovery. Over 215 docket entries deal with discovery issues. Defendant filed 21 requests for production of documents and 17 sets of interrogatories. Plaintiff filed 6 sets of interrogatories and 8 requests for production of documents. Defendant filed 28 documents dealing with objections to discovery requests or attempts to compel discovery, while Plaintiff filed 17 such documents. Also, Defendant filed 10 motions to quash, and Plaintiff filed three such motions. Defendant moved 5 times for protective orders; Plaintiff did so 6 times. On 20 occasions, the judge was compelled to make multiple rulings on discovery disputes. The discovery practices revealed by this record is appalling.

ery" as alleged in her motion. She also agrees she presented no evidence on her other claims, i.e., Plaintiff "hid documents," "refused to turn over documents and files," and "failed to serve Chris Ohman with a subpoena prior to his deposition in San Jose, California." Considering the lack of evidentiary support for the sanction award and the parties' stipulation that "no substantial evidence supports either the substantive allegations of the motion or the amount of the court's judgment of $5000.00," we are persuaded the judgment should be reversed. *See Ballesteros,* 812 S.W.2d at 224. It is so ordered.

PARRISH, P.J., concurs.

MONTGOMERY, J., concurs.