Rebecca Ann KOHN by her next friend, Carol CURTIS, and Carol Curtis, Individually, Plaintiffs-Respondents,

v.

Don KOHN, Defendant-Appellant.

No. 47425.

Missouri Court of Appeals, Eastern District, Division Two.

May 29, 1984.

London, Greenberg & Pleban, St. Louis, for defendant-appellant.

Frank Niesen, Jr., St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Judge.

This is an appeal by defendant, Don Kohn, from a default judgment in favor of plaintiffs, Rebecca Ann Kohn by her next friend, Carol Curtis, and Carol Curtis, individually, in proceedings to determine the issue of paternity. The circuit court ordered defendant's responsive pleadings stricken and proceeded by default determining that defendant was the father of the minor child and thereafter awarding custody, child support and guardian fees. We reverse.

Plaintiffs, Rebecca Ann Kohn and Carol Kohn (formerly Carol Curtis) filed a two count petition for declaration of paternity and for support and custody. Count I sought a declaration that defendant, Don Kohn, is the father of Rebecca Ann Kohn. Count II sought custody, $2,000.00 for birth-related expenses and reasonable child support. Defendant filed a timely answer.

On May 27, 1983, the Court entered an order sustaining plaintiffs' Motion for Sanctions and directing defendant, a resident of the State of Texas, to appear for his deposition on May 31, 1983 at 8:00 a.m. The Court further indicated that if defendant did not appear at his deposition, his pleadings would be stricken and a default judgment entered against him. Defendant did not appear on May 31, 1983. Consequently, the trial court struck defendant's pleading and entered a default judgment against him. The action was taken without affording defendant's counsel an opportunity to explain the absence. Further, defendant's counsel was prohibited from participating in the hearing.

At the conclusion of the trial, the Court entered its order declaring defendant the father of Rebecca Ann Kohn, awarding custody of the minor child to Carol Curtis and granted judgment in favor of plaintiff, Carol Curtis, and against defendant as follows: $560.00 for the birth-related expenses; $50.00 per week for child support from October 16, 1978, the date of the child's birth, to May 31, 1983; and a judgment for support of $50.00 per week.

Three points have been raised on appeal. Defendant alleges trial court error in denying him an opportunity to make an offer of proof to explain his failure to comply with the court's order of May 27, 1983. Defendant's second and third points allege error in awarding past support expenditures.

Defendant, in his first point, argues that the court abused its discretion in striking his pleadings and adjudging him in default for not complying with an order requiring him to appear for his deposition. Defendant claims there was no evidence that he deliberately disregarded the authority of the court. Under Rule 61.01(f), the trial court had authority to strike defendant's pleading and render a judgment against him by default. Rule 61.01(f) states:

Failure to Attend Own Deposition: If a party ... fails to appear before the officer who is to take his deposition, after being duly served with notice, the court may ... make such orders in regard to the failure as are just and among others, it may taken any action authorized under paragraphs (1), (2), (3) and (4) of subdivision (d) of this Rule.

Paragraphs (1) and (2) of subdivision (d) of Rule 61.01 state in relevant part:

(1) An order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibit him from introducing designated matters into evidence.

(2) An order striking pleadings ... or rendering a judgment by default against the disobedient party.

The imposition of sanctions, including an order denying the right to cross-examine witnesses or present defenses and the entry of a default judgment, is a matter within the trial court's discretion. *Portell v. Portell*, 643 S.W. 18 (Mo.App.1982). The trial court's discretion in entering a default judgment against a party who fails to obey a discovery order will not be disturbed unless exercised unjustly. *In re Marriage of Dickey*, 553 S.W.2d 538 (Mo.App.1977). However, such action should not be invoked except where the actions of the party show a contumacious and deliberate disregard for the authority of the court. *Dickey* at 541.

In the case at bar, the trial court refused to allow defendant an opportunity to explain his absence or make an offer of proof. There was no evidence presented by plaintiffs as to the cause of the absence. All that was before the court was the fact the defendant failed to appear for the deposition. The failure to afford defendant an opportunity to explain his absence was unjust. Defendant might have a justifiable excuse. Therefore, we remand to the trial court with instructions to hold a hearing to determine if appellant had a good and sufficient reason for his failure to appear for his deposition.

Should the trial court determine defendant had good and sufficient cause for his absence, the order determining paternity, child support and birth related expenses will be vacated and a new trial on the issues granted. However, should the trial court determine defendant lacked good and sufficient cause for failing to appear at his deposition, the trial court's order is amended consistent with the remainder of this opinion.

Defendant also argues plaintiffs' petition failed to request for reimbursement of past child support expenditures and in the alternative, the trial court's award was in excess of that requested and proved by plaintiffs.

Simply put, Count II of plaintiffs' petition requested, "and further for such other orders and relief as this court may deem meet and proper." Under a prayer for general relief a court may grant any relief consistent with the pleadings and evidence. *Homan v. Employers Reinsurance Corporation*, 136 S.W.2d 289 (Mo. App.1939). Plaintiff, Carol Curtis, pleaded she incurred costs for maintenance of the minor child, testified she was seeking past child support and also testified as to the expenses she had incurred. The trial court did not err in awarding past support for the minor child.

Defendant also contends the amount awarded, fifty dollars a week from October 16, 1978 to May 31, 1983 ($11,900.00), was excessive. We agree.

In her petition, plaintiff alleged she had "incurred costs in the amount of $1,500.00 approximately for the birth and maintenance of the minor child." During the default hearing, plaintiff testified the total money expended by herself as the sole supporter of the minor child since birth was approximately $5,000.00. As a result, the award of $11,900.00 is inconsistent with the case made by plaintiff. Accordingly, we modify the trial court's award for past child support to $5,000.00 consistent with plaintiff's own testimony.

Judgment remanded for a hearing to determine if defendant had good and sufficient reason for his failure to appear for deposition. If defendant is without good and sufficient reason, judgment affirmed as modified.

CRIST, P.J., and SIMON, J., concur.