Charles F. SMITHEY, Respondent,

v.

Waco DAVIS, Appellant.

No. 15164.

Missouri Court of Appeals,
Southern District,
Division One.

June 21, 1988.

Janice P. Noland, Camdenton, for appellant.

David E. Wilhite, Donnelly, Baldwin, Wilhite and Moore, Lebanon, for respondent.

HOLSTEIN, Judge.

Pursuant to a motion for summary judgment, plaintiff Charles E. Smithey was awarded a judgment in the sum of $9,000 against defendant Waco Davis. Davis appeals claiming that the trial court erred in entering an interlocutory judgment of default against him after he failed for the second time to appear to give his deposition and that the trial court erred in granting summary judgment on the issue of damages because genuine issues as to material facts remained in the case.

Smithey filed his petition on July 31, 1985, in the Circuit Court of Laclede County. The petition alleged that the parties had entered into a contract under which Davis sold several items of farming and construction equipment to Smithey for $16,000. Smithey allegedly had received title to three motor vehicles and a trailer and had paid $9,000 toward the purchase price of the equipment. The petition averred that Davis had failed to deliver the equipment as agreed upon but converted the equipment by selling it at auction. The petition prayed for actual damages in the sum of $16,000. In due course, Davis filed his answer generally denying the allegations.

On December 23, 1985, Smithey's attorney gave notice that he intended to take the deposition of Davis on January 20, 1986. On February 18, 1986, a motion for sanctions was filed by Smithey alleging that Davis had failed to appear on January 20. This motion was sustained and Davis was ordered to pay $32.83 in court reporter costs and attorney's fees of $210.

On April 16, 1986, Smithey's attorney again gave notice that he desired to take Davis' deposition on May 2, 1986. This notice was served on Davis' then attorney. By agreement, these depositions were continued to May 23, 1986. On June 2, 1986, a second motion for sanctions was filed, along with a motion for default judgment. These motions alleged that for a second time, Davis failed to appear at a scheduled deposition without explanation or excuse. Nine days later, Davis' first attorney withdrew and the case was set as a default matter on June 30.

On June 30, 1986, Davis' present counsel entered her appearance for the first time and made application for a continuance. On the same date, Smithey's motions for sanctions and for default judgment were sustained against Davis as to the existence of the debt owed. The case was set for hearing on the measure of damages for August 25, 1986. Thereafter, a motion for change of judge and change of venue was filed and sustained. The cause was transferred from Laclede County to Camden County and another judge was assigned to the case.

On January 6, 1987, a motion for summary judgment was filed by Smithey, seeking judgment for damages in the sum of $9,000 plus interest. The motion was accompanied by an affidavit of an auctioneer showing that Davis had sold, through the affiant's auction service, the items of equipment described in the petition. The amount received at the auction for the equipment was $11,500, which the affiant stated to be the fair market value of the equipment.

Davis' attorney responded by filing an "Answer to Motion for Summary Judgment." This unsworn document did not refute any of the matters contained in the motion for summary judgment or the affidavit, but for the first time sought to explain why Davis did not appear at depositions. The document states that Davis lives in Michigan and is an over-the-road truck driver not "readily accessible for no-

tification of court dates unless notice is given sufficiently in advance." Nothing in the response indicates where Davis was on any of the three dates upon which depositions had been scheduled, nor is there any indication that he did not receive timely notice of the depositions.

■ Rule 61.01(f)[1] provides that a party failing to appear for his deposition may, upon motion and notice, be subjected to sanctions. The authorized sanctions include an order rendering a judgment by default against the disobedient party or an order requiring the disobedient party to pay reasonable expenses, including attorney's fees caused by the failure. Rule 61.01(d)(2), (4).

Rule 56.01(c) makes provision for a party to move for a protective order to prevent discovery which imposes undue burden or expense. No motion for protective order was filed by Davis.

Both parties cite *Kohn v. Kohn,* 672 S.W.2d 174 (Mo.App.1984) and *Foster v. Kohm,* 661 S.W.2d 628 (Mo.App.1983). Those cases establish that while a trial court may, in its discretion, impose harsh sanctions, including entry of a judgment against a party who disobeys discovery, the court should only impose sanctions which completely destroy a claim or defense to a claim in extreme situations showing a "clear record of delay or contumacious conduct" by a party. *Kohn v. Kohn, supra,* 176; *Foster v. Kohm, supra,* 632. See also *State ex rel. Highway and Transportation Commission v. Pully,* 737 S.W.2d 241, 245–246 (Mo.App.1987). "While default is a drastic sanction that should be used sparingly, it is authorized by Rule 61.01...." *Kingsley v. Kingsley,* 716 S.W.2d 257, 260 (Mo. banc 1986). Davis' failure to appear for the second scheduled deposition, without explanation or excuse, authorizes the inference that his conduct was contumacious and calculated to result in delay.

■ Davis suggests that his response to the motion for summary judgment explains and justifies his failure to comply with discovery. The response was un-sworn and filed over six months after the trial court sustained the motion for default judgment. The response to the motion for summary judgment contained only the vague statements that Davis was "not readily accessible for notification of court dates unless notice is given sufficiently in advance," and that Davis "did not intend to ignore the court." The trial court is not bound to believe vague and evasive statements offered to justify noncompliance with discovery. *Amick v. Horton,* 689 S.W.2d 369, 377 (Mo.App.1985). The response was too little and too late to excuse the apparent contumacious conduct. The trial court did not abuse its discretion in entering the interlocutory judgment of default against Davis.

Davis argues that he was not allowed to produce evidence explaining his reasons for failing to appear at the depositions prior to the court sustaining the motion for default judgment. We have carefully reviewed the record and find nothing in the record to support this assertion.

■ Davis' second point attacks the summary judgment, alleging that there were unresolved fact issues. Principles relating to summary judgment actions, and apropos here, were succinctly stated in *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 243–244 (Mo. banc 1984):

> The affidavits and accompanying materials filed by respondents in support of their motions, not denied by appellants, stand admitted ... An order of summary judgment will not be set aside on review if supportable on any theory ... Summary judgment is appropriate in the first instance only when no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to judgment as a matter of law. This Court reviews the record on summary judgment in the light most favorable to appellants. (Citations omitted)

See also Rule 74.04(e); *Barks v. Bi–State Development Agency,* 727 S.W.2d 464, 466 (Mo.App.1987).

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

The auctioneer's affidavit in support of the motion for summary judgment shows that when the conversion occurred, the equipment had a fair market value in excess of $9,000. The proper measure of damages in a conversion case is the reasonable market value of the property at the time of conversion. *Southern Missouri Bank v. Fogle,* 738 S.W.2d 153, 158 (Mo. App.1987). Davis' response did not controvert damages. Without a verified denial or counteraffidavits, the facts alleged in support are deemed admitted even if contrary to allegations in the pleadings. *Anderson v. Meglemre,* 738 S.W.2d 931, 933 (Mo.App. 1987). When damages are shown by specific ascertainable values, and are uncontroverted, there is no reason why summary adjudication should not include the assessment of damages. *Gal v. Bishop,* 674 S.W. 2d 680, 684 (Mo.App.1984). Davis' failure to contradict evidence of damages contained in the affidavit had the effect of admitting the value of the converted property. The entry of summary judgment was not erroneous.

The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.