Keann Finn **EIDSON**, by his next friend and Mother, Martha **WEBSTER**, Appellant/Respondent,

v.

James **EIDSON**, Respondent/Appellant.

Nos. WD 55581, WD 55594.

Missouri Court of Appeals,
Western District.

Oct. 19, 1999.

Motion for Transfer to Supreme Court
Denied Nov. 23, 1999.

Application for Transfer Denied
Jan. 25, 2000.

Sandra C. Midkiff, Kansas City, for appellant.

Ralph G. Gore, Independence, for respondent.

Before BRECKENRIDGE, P.J., C.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

Keann Finn Eidson, by his next friend and mother, Martha Webster (Mother), appeals the trial court's Judgment Entry for Modification of Child Support. On appeal, Mother contends that the trial court erred in its Form 14 child support calculation in that it failed to include the costs of the child's immediate physical and medical needs. She also claims the trial court erred in failing to require James Eidson (Father), the father of the child, to support the child to the extent that his means will allow after finding that he had income and assets sufficient to provide for the child's needs. Father cross appeals contending the court erred in striking his pleadings and prohibiting him from introducing evidence, ordering him to pay all uninsured medical expenses, imputing income to him in the amount of $5,000 per month, and including extraordinary medical expenses

of $775 per month in calculating the presumed child support amount.

The case is affirmed in part and reversed in part and remanded to the trial court with directions to enter judgment that considers the child's immediate physical and medical needs consistent with this opinion.

### Facts

This appeal arises from an amended judgment modifying child support for the disabled child of Mother and Father. Prior to the filing of the present action, Father was taken into custody on a Warrant of Commitment that had been issued because he was in arrears on his child support in excess of twenty-five thousand dollars. After a brief period of incarceration in Jackson County, Father was conditionally released and ordered to appear in Jackson County Circuit Court on May 13, 1997, to determine a method of purging his contempt of prior child support orders. He was also ordered to appear on June 9, 1997, to show cause why he should not be held in contempt for violating previous child support orders.

Mother filed her First Amended Motion of Modification of Child Support, Attorneys Fees and Costs, Change of Name, and Petition for Judicial Review of Order from Department of Social Services on April 30, 1997, following Father's release. In the course of pursuing her Motion to Modify Child Support, Mother attempted to obtain discovery from Father. Father failed to produce requested records and failed to appear for the taking of his deposition. Mother, therefore, requested the imposition of sanctions against Father by the trial court.

The court entered an Order Granting Plaintiff's Motion of Enforcement of Discovery and Imposing Sanctions against Father on November 25, 1997. As part of the sanctions imposed by the court for Father's refusal to comply with discovery, Father's pleadings were stricken, and he was prohibited from introducing evidence or making objections to Mother's evidence in the hearing on her Motion for Modification of Child Support.

The Evidentiary Hearing on Mother's motion was also heard on November 25, 1997. Father failed to appear. Mother testified and offered other documentary evidence in support of her Motion to Modify. Based on the evidence presented by Mother, the trial court entered its Judgment Entry for Modification of Child Support on December 10, 1997. The court found that in the original support order, Father was ordered to pay child support of two-hundred dollars per month and that since the entry of the original order, a substantial change in circumstances had occurred that rendered the original child support award unreasonable. The changed circumstances include the increase of the parties' son's needs as a result of the progression of his physical disabilities due to cerebral palsy and spastic quadriplegia.

The court made a specific finding that due to his physical condition, the child has immediate physical and medical need for: (1) a handicap conversion van costing $45,020; (2) a manual wheelchair to fit the child's increase in size costing $3,587; (3) modifications to Mother's home to provide wheel chair accessibility costing $20,000; (4) an additional room with lift equipment and wheelchair accessibility for the child's use costing $20,000; (5) an electric wheelchair costing $15,000; (6) widening and modification of the doorways in Mother's home to provide wheelchair accessibility for the child costing $5,420; (7) other capital improvements and items immediately needed for the child costing $40,000; (8) other extraordinary medical expenses not covered by health insurance including the cost of medical mileage and weekly therapy costing $944 per month; (9) home health care costing $1,354.50 per month; and (10) out of home medical supervised care for two months costing $2,800.

The court found that Mother is unable to sustain employment outside of the home due to the physical needs of the child and that her income for purposes of calculating child support is $0. Because Father refused to comply with discovery, the trial court was unaware of his income. The court imputed income of $60,000 per year, or $5,000 per month, to Father based on his education, experience, professional qualifications, and earning capacity. In addition to his imputed income, the court also found that Father had assets and ownership interest in a farm in Connecticut valued at $375,000, personal property valued at $36,052, and farm equipment valued at $23,051. Father has remarried, and the court found his second wife's income to be in excess of $64,000 a year.

In calculating the amount of child support to be paid by Father, the court rejected the Form 14 calculations submitted by Mother and made its own calculations on Form 14. The court found Father's presumed child support obligation to be $600, and the court placed $775 on line 4d of Form 14 under "uninsured extraordinary medical expenses" to provide for the child's weekly physical therapy sessions. From its calculations, the court ordered Father to pay child support to Mother in the amount of $1,370 per month. The court also ordered Father to provide medical health insurance for the child and to pay all medical or medical related charges incurred to care for the child that are not covered by the health insurance. The court did not, however, direct either party to pay for the "immediate physical needs" listed above that the court found had arisen due to the child's physical condition.

Mother now appeals the court's judgment arguing the court erred in failing to include the costs of the immediate physical and medical needs of the child. Father cross appeals claiming the court erred in striking his pleadings and prohibiting him from introducing evidence, ordering him to pay all uninsured medical expenses, imputing income to him in the amount of $5,000

per month, and including extraordinary medical expenses of $775 per month in calculating the presumed child support amount.

### Father's Cross–Appeal

Father cross appeals, asserting four points. He claims that (1) the trial court erred in striking his pleadings and prohibiting his counsel from participating in the trial; (2) the court erred in ordering him to pay uninsured medical expenses for his son because payment of these expenses increases the total amount of child support in excess of the Form 14 presumptive amount and no finding by the court that the Form 14 presumptive amount is unjust and inappropriate was made; (3) the court erred in imputing income to him in the amount of $5,000 per month in calculating his child support obligation; and (4) the court erred in including extraordinary medical expenses of $775 per month in calculating the presumed child support amount. Only the first point is addressed because the issue is significant to the trial court's consideration of the evidence in determining matters on remand.

Father contends as his first point that the trial court erred in striking his pleadings and prohibiting him from introducing evidence, cross-examining witnesses, and objecting to Mother's evidence. The essence of Father's contention is that the trial court abused its discretion in imposing sanctions for his failure to appear at his scheduled deposition and his failure to produce requested records in response to Mother's request for production of documents in discovery. Father did not appear at the hearing on the motion, either. The trial court determined as trial was about to begin that Father had departed the state of Missouri and "has no intention of returning." Apparently the evidence that the trial court relied on for this conclusion included Father's failure to participate in discovery, his child support obligation being in arrears by more that $25,000, his having been charged in Missouri with

criminal non-support, his absence at trial, and the history of his conduct in the case before trial began.

The imposition of sanctions for a party's failure to participate in discovery, including an order denying the right to cross-examine witnesses and present defenses, is a matter within the trial court's discretion. *Kohn by Curtis v. Kohn,* 672 S.W.2d 174, 176 (Mo.App. E.D.1984). Rules 61.01(b) and (d) expressly authorize striking pleadings and the entry of judgment by default as permissible sanctions for failure to answer interrogatories or failure to produce documents. *Restorative Servs., Inc. v. Professional Care Ctrs., Inc.,* 793 S.W.2d 141, 144 (Mo.App. E.D. 1990). When such sanctions are imposed and trial occurs and judgment is entered, the principles governing the appeal relate to the discretion of the trial court in the circumstances resulting in imposition of the sanctions that renders the cause uncontested and subject to judgment. *In re Marriage of Dickey,* 553 S.W.2d 538, 539 (Mo.App.1977). The trial court's exercise of discretion will not be disturbed on appeal unless it is exercised unjustly. *Luster v. Gastineau,* 916 S.W.2d 842, 844 (Mo. App. S.D.1996). The task of the reviewing court is to determine whether the trial court could have reasonably concluded as it did, and not whether this court would have imposed the same sanctions under the same circumstances. *Id.*

Before Mother's Motion to Modify was filed, Father was arrested for his having failed to support his child and being in arrears for child support in excess of $25,-000. Father was in custody in Jackson County briefly and conditionally released and ordered to appear on May 13, 1997, to determine a method of his purging himself of his contumacious conduct for having failed to support his child. He was ordered to appear on June 9, 1997, to show cause why he should not be found in contempt of court for having violated previous child support orders regarding his son, born of the union of the marriage. · Evidence supports that Father is a resident of Connecticut where he conducts a business.

Mother sought records from Father and also sought his deposition utilizing established discovery procedures. Father failed and refused to comply. He refused to provide the requested documents and he declined to appear for his deposition. Mother sought and obtained sanctions for Father's refusal to comply with discovery. After a hearing at which counsel for Father appeared, the trial court found in its November 25, 1997 order imposing sanctions that "it appears that [Father] has no intention of returning to this State for deposition or discovery proceedings in this case." The court's order struck Father's Answer to Petitioner's First Amended Motion for Modification of Child Support, Attorney Fees and Costs and Change of Name and Petition for Judicial Review of Order from Department of Social Services. The court's order also prohibited Father from introducing evidence, cross-examining witnesses, and making objections to Mother's evidence on issues of Father's contempt, child support modification, cost of the child's care and special needs, medical care and health insurance coverage for the child, child support calculations, attorneys fees, and the name change of the child.

Although the trial court has authority to impose sanctions on a party for failure to engage in discovery, before the court can impose sanctions, it must determine that the opposing party is prejudiced by the errant party's non-compliance with discovery requirements. *State ex rel. Missouri Highway and Transp. Comm'n v. Pully,* 737 S.W.2d 241, 245 (Mo.App. W.D. 1987). The trial court's order of November 25, 1997, imposing sanctions reflected its determining that on the basis of the evidence, Father "has no intention of returning to this State for a deposition or discovery proceedings in this case," and stated that "Defendant James Eidson has failed to participate in pretrial discovery as required by the rules of this court. By

obstructing Plaintiffs' discovery, he has impeded Plaintiffs' trial preparation...." The motion for sanctions filed by Mother asserted factual statements constituting an assertion of resulting prejudice to her because Father failed and refused to submit documents appropriate for discovery and to submit himself for his deposition. The trial court's holding, based on the evidence produced at the hearing, establishes that Mother was prejudiced by the refusal of Father to comply with discovery. Thus, the trial court found the requisite prejudice before imposing sanctions. The trial court did not abuse its discretion in imposing the sanctions it imposed. The point is denied.

## Determination of the Special Needs of the Child

■ The trial court, in its Judgment Entry of Modification of Child Support, made findings of fact regarding the immediate physical and medical needs of the child. Specifically, the court found that the "minor child Keean [sic] Eidson has immediate physical and medical need for all of the following due to his physical condition:" (1) a handicap conversion van costing $45,020; (2) a manual wheelchair to fit the child's increase in size costing $3,587; (3) modifications to Mother's home to provide wheel chair accessibility costing $20,000; (4) an additional room with lift equipment and wheelchair accessibility for the child's use costing $20,000; (5) an electric wheelchair costing $15,000; (6) widening and modification of the doorways in Mother's home to provide wheelchair accessibility for the child costing $5,420; (7) other capital improvements and items immediately needed for the child costing $40,000; (8) other extraordinary medical expenses not covered by health insurance including the cost of medical mileage and weekly therapy costing $944 per month; (9) home health care costing $1,354.50 per month; and (10) out of home medical supervised care for two months costing $2,800.

In its order, however, the court provided only that (1) the amount of child support to be provided by Father should increase after considering the cost of the child's weekly therapy sessions in calculating the presumed child support amount and (2) Father should furnish medical health insurance for the child and should pay for all medical or medical related charges incurred in the care of the child not covered by such insurance. The court did not address in its order the immediate physical and medical needs of the parties' son found by the court to exist. The court's judgment did not consider whether and how these nine immediate and necessary physical and medical needs of the child are to be met. The court's determination of the award seems not to have considered the necessary physical and medical needs in its Form 14 compilation.

■ On remand, the court has two options in providing for the payment of the child's necessary expenses. The court may, after considering all of the relevant evidence, include an amount it deems fair and appropriate on line 4e of Form 14 as "extraordinary expenses" associated with rearing the child. *See* Rule 88.01. Alternatively, the court may, after considering all of the relevant evidence, find that the use of Form 14 in calculating child support would be unjust or inappropriate and may issue a separate order and judgment for the child support amount. *See* § 452.340, RSMo 1994; Rule 88.01 Directions for Completion of Form 14, line 4d (directing that costs for single occurrence illnesses or injuries should be handled by separate order); *Crews v. Crews,* 949 S.W.2d 659, 668 (Mo.App. W.D.1997)(stating that the court may, in accordance with Form 14, enter a separate order to handle "single-occurrence" illness). To permit the trial court to exercise its complete discretion in fashioning a support order that considers all the needs of the child, the judgment is reversed and the case is remanded.

The case is affirmed in part and reversed in part and remanded to the trial

court with directions to enter judgment that considers the child's immediate physical and medical needs consistent with this opinion.

All concur.