Rick ZIMMER and Label Graphix
Media Communications, Inc.,
Respondents,

v.

Delmar U. FISHER and Tenbrook
Packaging & Label, LLC,
Appellants.

No. ED 84831.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 2005.

Rehearing Denied Sept. 6, 2005.

Robert W. Bilbrey, Hillsboro, MO, for appellant.

Steven W. Edwards, Clayton, MO, for respondent.

1. Delmar U. Fisher owns Tenbrook Packaging & Label, LLC.

2. Rick Zimmer owns all of the stock in Label Graphix Media Communications, Inc.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Delmar U. Fisher and Tenbrook Packaging & Label, LLC [1] ("Defendants" or individually "Fisher" and "Tenbrook") appeal from the judgment of the Circuit Court of Jefferson County, entered in favor of respondents, Rick Zimmer and Label Graphix Media Communications, Inc. [2] ("Plaintiffs" or individually "Zimmer" and "Label Graphix"). We affirm.

On March 15, 2002, Plaintiffs filed suit against Defendants alleging nine counts. Counts I–IV related to a battery committed by Fisher on Zimmer. Count V was a breach of contract claim involving Defendants' failure to pay for labels and related products provided by Plaintiffs. Count VI was a suit on account and was pleaded alternatively and re-alleged the allegations of count V. Count VII was for quantum meruit and was pleaded alternatively and re-alleged the allegations of counts V and VI. Count VIII was an action to quiet title to "Lot Three (3), of TENBROOK INDUSTRIAL PARK PLAT 2" ("the property"). Count IX sought specific enforcement of a real estate contract by which Defendants agreed to sell the property at issue in count VIII to Plaintiffs.

On May 6, 2002, Plaintiffs dismissed Deborah Fisher from the suit with prejudice. Further, Plaintiffs dismissed count II of the petition without prejudice as to Delmar Fisher and dismissed count III of the petition with prejudice.

On September 20, 2002, Plaintiffs filed their first request for Defendants to produce certain documents in compliance with Rule 58.01.[3] Plaintiffs requested docu-

3. All rule references are to Missouri Supreme Court Rules 2004, unless otherwise indicated.

ments and records falling into thirteen different categories.

On May 7, 2003, Plaintiffs filed a motion to compel Defendants to comply with Plaintiffs' discovery requests.

The trial court issued an order on May 16, 2003 compelling Defendants to comply with Plaintiffs' discovery requests by May 27, 2003. The trial court found the discovery requests had been served on David Fisher,[4] Delmar Fisher, and Tenbrook on September 12, 2002. Defendants had also been notified on August 27, 2002 that they were required to bring the requested documents to their deposition. The trial court found neither of the Defendants had produced a single document or objected to the discovery requests. The trial court also found Plaintiffs' counsel had made reasonable efforts to obtain compliance, but Defendants had failed and refused to produce any documentation without excuse or justification. The trial court stated in its order that failure to deliver all of the documents listed in Plaintiffs' requests would result in "sanctions, including possibly the sanction of having Defendants' pleadings herein stricken and default judgment being entered in favor of Plaintiffs."

On May 29, 2003, Plaintiffs filed a motion for sanctions, which alleged Delmar Fisher and Tenbrook did not respond until the eve of Plaintiffs' motion to compel and even then, both responded "accurately (and incompletely)" to only three of the thirteen categories of documents requested. Plaintiffs stated that there had been no further response after the order to compel was filed.

A hearing on Plaintiffs' motion for sanctions was set for June 5, 2003. Defendants filed a motion for continuance of the sanction hearing, claiming, among other things, that "all documentation in possession of [D]efendants was hand-delivered to [P]laintiffs' Counsel on May 30, 2003." At the hearing on June 5, 2003, Fisher was present, but his counsel did not attend. Due to the absence of Fisher's counsel, the trial court continued the matter for a default hearing on August 4, 2003.

On June 25, 2003, Defendants' counsel filed a motion for leave to withdraw because Delmar Fisher, on behalf of himself and Tenbrook, had failed to communicate on certain matters, had failed to communicate in a timely manner, had failed to comply with the advice and directives of counsel, and had failed to pay attorney fees. Defendants' counsel also mentioned that he had obtained the agreement of Plaintiffs to continue the August 4, 2003 hearing to allow Defendants' counsel time to withdraw. On June 9, 2003, the trial court granted Defendants' counsel's motion for leave to withdraw as counsel for Defendants. The pending sanctions motion and the motion for withdrawal were set for August 8, 2003.

On August 8, 2003, the trial court granted the motion to withdraw and issued an order imposing sanctions and a default judgment. Plaintiffs received a final judgment for count V in the amount of $4,265.85 plus interest, and interlocutory judgments on count I, IV, VIII, IX with the amount of damages to be determined by the trial court upon evidence to be introduced by Plaintiffs at an inquiry hearing to be held September 3, 2003. The trial court also imposed an additional sanction of $787.50 against Defendants for unnecessary attorney fees caused by Defendants' failure to respond to discovery requests. The trial court held an eviden-

---

4. David Fisher was voluntarily dismissed from this case on March 25, 2004 and has no role in the present appeal.

tiary hearing to determine damages on September 3, 2003.

On October 16, 2003, the trial court entered a judgment on Plaintiffs' damages with respect to counts I, IV, V, VIII, and IX. As to counts I and IV, the court found Defendants were liable for $165,000 in compensatory damages and $10,000 in punitive damages. On count V, the trial court adopted the amount of $4,265.85 plus interest in accordance with its August 8, 2003 order. As to counts VIII and IX, no damages were awarded because there was insufficient evidence to support an award. Plaintiffs' costs of $1,081.60 were taxed to Defendants.

Defendants filed a motion for new trial on November 14, 2003. In this motion, Defendants alleged that they substantially complied with the request for production of documents and that Defendants' attorney was allowed to withdraw only moments prior to the hearing on the motion for sanctions.

The trial court later vacated the August 8, 2003 default judgment. The trial court set the matter for trial on May 19, 2004.

At trial on May 19, 2004, Plaintiffs filed a second motion for sanctions against Fisher which incorporated the May 16, 2003 motion to compel and the May 29, 2003 motion for sanctions. Plaintiffs also filed a second motion for sanctions against Tenbrook on the same day. Plaintiffs noted Fisher's response on "the eve of trial," but asserted that the response failed to cure any of the previous deficiencies. Plaintiffs alleged Tenbrook never produced a single page of documentation. As to Fisher, Plaintiffs maintained only one of the thirteen categories of documents requested had been satisfied, and it was satisfied on "the eve of trial," eighteen months after the original request.

The court treated the motions for sanctions as motions in limine on the record. After hearing the motions for sanctions, the court found there was no issue that could be submitted to a jury and it dismissed the jury on its own motion. The court then found that this was a matter that needed to be addressed at the time of trial so as not to allow Defendants to continue to delay the proceedings. The trial court issued a new judgment on June 1, 2004. In this judgment, it stated that Defendants had representation from May 7, 2002 to August 8, 2003 and different representation from November of 2003 until May 19, 2004, but neither counsel had been able to get Defendants to produce a substantive discovery response. The trial court granted both motions for sanctions and found the appropriate sanction was a default judgment and the striking of Defendants' pleadings. The trial court took judicial notice of the September 3, 2003 hearing on damages and entered judgment for the same amounts as in the October 16, 2003 judgment. This appeal followed.

The trial court is vested with broad discretion to control discovery. *Goede v. Aerojet General Corp.*, 143 S.W.3d 14, 22 (Mo.App. E.D.2004). This discretion includes the trial court's choice of remedies to address the non-disclosure of evidence during discovery. *Id.* We will not disturb the trial court's ruling unless there is a clear abuse of that discretion. *Id.* We will find an abuse of discretion when the trial court's ruling is clearly against the logic of the circumstances before the court at that time and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration. *Scott v. LeClercq*, 136 S.W.3d 183, 190 (Mo.App. W.D.2004), *quoting Green v. Fleishman*, 882 S.W.2d 219, 223 (Mo.App. W.D.1994). Where reasonable persons can differ about the propriety of the trial court's judgment, it cannot be said that the trial court abused its

discretion. *Id.* Our task is not to determine whether we would have imposed the same sanctions under the same circumstances, but merely whether the trial court could have reasonably concluded as it did. *Scott,* 136 S.W.3d at 190, *quoting Eidson ex rel. Webster v. Eidson,* 7 S.W.3d 495, 499 (Mo.App. W.D.1999).

■ In their first point on appeal, Appellants argue the trial court erred in hearing Respondents' motion for sanctions on the morning of trial.

Rule 44.01 states a written motion and "notice of the hearing thereof shall be served not later than five days before the time specified for the hearing...." Rule 44.01(d). However, in *Bell v. Bell,* we found that when a father had been alerted to the possibility of sanctions for at least three months, oral notice on the date of trial requesting that father's pleadings be stricken was sufficient to meet the requirements of Rules 61.01 and 44.01. *Bell v. Bell,* 987 S.W.2d 395, 401 (Mo.App. E.D. 1999).

As the facts demonstrate, Defendants have obstructed and failed to cooperate in the discovery process for over eighteen months. The default judgment being appealed was entered June 1, 2004. The trial court entered a default judgment the previous August for Defendants failure to comply with discovery, but this judgment was later vacated. However, this earlier judgment undoubtedly put Defendants on notice that the court was prepared to enter a default judgment if they failed to comply with discovery. Nonetheless, Defendants continued their non-compliance with discovery all the way up to the day of trial.

Fisher provided a few of the requested documents right before trial, but still did not come close to satisfying the discovery request. However, Fisher's insufficient filing caused Plaintiffs to file their second round of motions for sanctions on the day of the trial, which incorporated the previous motion to compel and motion for sanctions. Moreover, in addition to the written filing, the second motions for sanctions were presented orally at trial.

After considering this evidence and the pattern of Defendants' obstruction of the discovery process for over eighteen months, we find the trial court did not abuse its discretion in hearing Plaintiffs' second motions for sanctions on the morning of trial. Point denied.

■ In their second point on appeal, Defendants argue the trial court erred in granting Plaintiffs' second motions for sanctions due to Defendants' failure to produce certain documents.

Defendants make three arguments with respect to this point: (1) that Fisher had produced all of the documents in his possession; (2) that many of the requested documents were only tangentially related to the causes pled; and (3) that other documents were matters of public record or were equally accessible to Plaintiffs.

Rule 61.01(a) provides "[a]ny failure to act described in this Rule may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed timely objections to the discovery request or has applied for a protective order...." Rule 58.01(b) provides that the party upon whom the request for production of documents is served shall serve a written response, which includes any objections, within thirty days after the request.

In this case, the trial court found Defendants never sought an extension of time or a protective order. The objections filed two days before trial were deemed untimely, and, in any case, they were waived either expressly or when not raised on May 16, 2003 or August 8, 2003. The trial court also found Fisher's statement that he has no documents, made two days before trial after over eighteen months of non-compliance, "simply not believable."

The record shows that Defendants clearly did not file a response that included objections within thirty days of receiving the request for production of documents. In fact, Defendants did not file any objections until over eighteen months after the original request for production of documents. Therefore, we find the trial court did not err in granting Plaintiffs' second motions for sanctions due to Defendants' failure to produce certain documents. Point denied.

In their third point on appeal, Defendants argue the trial court erred in granting Plaintiffs' second motion for sanctions against Tenbrook and striking Tenbrook's pleadings because there was no reference to a request for production of documents with respect to Tenbrook prior to the date of the trial and Fisher answered all of the requests for production of documents.

We have reviewed the briefs of the parties and the record on appeal with respect to this claim. As an extended opinion would serve no jurisprudential purpose we affirm this part of the judgment pursuant to Rule 84.16(b). Point Denied.

In their fourth point on appeal, Defendants argue the trial court erred in granting Plaintiffs' second motions for sanctions because, even if sanctions were applicable, striking Defendant' pleadings was not the least restrictive remedy available to the trial court.

Rule 61.01(d) states that if a party fails to produce documents as requested, the trial court may, upon motion and reasonable notice to the parties, make such orders in regard to the failure as are just including striking pleadings and entering a default judgment.

In this case, the trial court specifically found that Defendants did not pay prior monetary sanctions, so it was unwilling to consider a monetary remedy. Further, the trial court stated that continuing the trial date for more discovery efforts would only aid Defendants and exhaust Plaintiffs. Lastly, Tenbrook was dissolving so further delays would prejudice Plaintiffs. As a result, the trial court chose to strike Defendants' pleadings and enter a default judgment because it found that measure was the only remedy for Defendants' misconduct.

After reviewing the record and taking into account Defendant's inexcusable, repeated, protracted, and contemptuous failure to comply with discovery rules and court orders, we find that the trial court did not abuse its discretion in granting Defendant's second motions for sanctions and entering a default judgment. Point denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J., concur.