

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

VETTER CONSTRUCTION COMPANY,    )    No. ED111965

Plaintiff,

vs.

INNOVATED CONSTRUCTION, LLC,    )    Appeal from the Circuit Court of St. Louis County

Respondent,

vs.

O.W. PARTNERS, LLC,    )    Honorable Krista Peyton

Appellant.    )    Filed: August 13, 2024

### Introduction

The issue in this appeal is whether the trial court abused its discretion in striking O.W. Partners, LLC's ("Appellant") pleadings for failing to answer Innovated Construction, LLC's ("Respondent") discovery request. Appellant appeals the trial court's order and judgment granting Respondent's motion for sanctions and entering a default judgment against Appellant.[1] In Point I, Appellant argues the trial court erred in striking its pleadings because the sanction was in excess of what was necessary to accomplish the purpose of discovery. Point II contends the trial court

---

[1] It is important to note Appellant's points on appeal do not include any argument related to the trial court entering a default judgment against Appellant. Appellant's points on appeal and argument only take issue with the trial court striking Appellant's pleadings.

erred because the trial court did not allow a record to be made at the show-cause hearing.[2] This Court denies Point I because the record supports Appellant demonstrated a pattern of contumacious and deliberate disregard for the authority of the trial court by failing to provide a "complete and verified response" to Respondent's discovery request. As to Point II, we do not reach the merits because Appellant failed to preserve the issue for appellate review.

Accordingly, the trial court's judgment is affirmed.

## Background

On August 19, 2021, Vetter Construction Company ("Vetter"), a subcontractor, filed suit against Respondent for breach of contract and quantum meruit/unjust enrichment. In turn, Respondent filed a third-party petition against Appellant for breach of contract and quantum meruit. Therein, Respondent alleged Appellant and Respondent entered into a contract in which Respondent would perform certain construction work to erect a gas station. Respondent further alleged Respondent fulfilled its obligations under the agreement, but Appellant failed and refused to pay Respondent.

Respondent filed a motion for default judgment after Appellant failed to timely respond to Respondent's third-party petition. Subsequently, Appellant's counsel entered his appearance and requested a continuance to file a response to the third-party petition. Appellant filed its answer and Respondent did not pursue the motion for default judgment. In April of 2022, Vetter's petition

---

[2] "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal." *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). This Court has discretion to review a multifarious point *ex gratia* where the arguments are readily understandable and the deficiencies do not force us to advocate for any party. *Hollis by and Through Hollis v. Poplar Bluff Regional Medical Center, LLC*, 674 S.W.3d 76, 93 (Mo. App. E.D. 2023). Point II violates Rule 84.04 by presenting a point with two independent claims: (1) the trial court erred in striking Appellant's pleading because the trial court did not allow a record to be made at the show-cause hearing and (2) the trial court erred because its findings do not meet the standard for sanctions to be granted. Nevertheless, this Court exercises its discretion to review the first issue because it is the only issue with a discernable argument. *See id.*

against Respondent was dismissed with prejudice. The matter between Appellant and Respondent remained pending and it was set for a bench trial on February 9, 2023.

On November 19, 2022, Respondent served interrogatories and a request for production of documents on Appellant. Respondent filed a motion to compel on December 29, 2022 due to Appellant's failure to timely respond to discovery requests. On January 20, 2023, the trial court granted Respondent's motion, and ordered Appellant to respond to the interrogatories and request for production of documents within 10 days from the date of the order. Appellant failed to respond to Respondent's discovery requests within the 10-day period. Respondent subsequently filed a motion for sanctions on February 1, 2023. On the eve of trial, Respondent filed a consent memorandum to continue the February 9, 2023 trial setting to March 30, 2023, which was granted.

On February 28, 2023, Appellant filed a certificate of service verifying it responded to the interrogatories and request for production of documents and, a day later, filed its suggestions in opposition to the motion for sanctions. A hearing was held on March 3, 2023, in which the trial court granted Respondent's motion for sanctions, ordered Appellant to pay Respondent $750 for sanctions, and continued the trial to May 12, 2023.

On April 12, 2023, Respondent filed another motion to compel, this time requesting a complete response to Interrogatory No. 6, which provided:

> Do you contend that any portion of the work the Third Party Plaintiff performed for Third Party Defendant was unworkmanlike or materially deficient in any matter. If so, identify each and every item of such work that you contend was deficient, describe in detail why you believe that such work was unworkmanlike or materially deficient, state the dollar amount that Third Party Defendant agreed to pay Third Party Plaintiff for said work, and state whether any estimates to remediate the deficient work have been obtained.
>
> RESPONSE: Yes. See response to RFP number 9, photos attached to RFP, Text messages with[3]

---

[3] In its motion, Respondent noted the response appeared as is and it seemed Appellant intended to include additional text, but left it incomplete.

The trial court held a hearing on Respondent's motion to compel on April 20, 2023. Appellant and Appellant's counsel failed to appear for the hearing. Following the hearing, the trial court granted Respondent's motion to compel and ordered Appellant to provide a "complete and verified response" to Interrogatory No. 6 within 10 days from the date of its order. The trial court further stated in its order, "If [Appellant] fails to do so then it shall show cause as to why its pleadings should not be stricken as a sanction for its repeated discovery misconduct."

On April 28, 2023, Appellant's counsel moved to withdraw as counsel due to "lack of contact" with his client and noticed the motion for May 11, 2023. Respondent noticed a show cause hearing on the same date due to Appellant's failure to comply with the trial court's order of April 20, 2023. At the May 11, 2023 hearing, Appellant's counsel withdrew his motion to withdraw, and following the hearing, the trial court entered an order striking Appellant's pleadings for failure to timely comply with its discovery orders. On July 14, 2023, the trial court entered a default judgment in favor of Respondent and against Appellant.

This appeal follows.

**Standard of Review**

"A trial court has broad discretion in administering the rules of discovery and in determining the proper remedy—including sanctions—for a party's non-compliance with the rules of discovery." *Frontenac Bank v. GB Investments, LLC*, 528 S.W.3d 381, 390 (Mo. App. E.D. 2017). This Court will not interfere with the trial court's decision to impose sanctions for discovery violations unless there is a clear showing of an abuse of discretion. *E.K.H.-G. v. R.C.*, 613 S.W.3d 449, 454 (Mo. App. E.D. 2020). The trial court abuses its discretion when its "ruling is clearly against the logic of the circumstances before the court at that time and is so unreasonable and

4

arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration." *Zimmer v. Fisher*, 171 S.W.3d 76, 79 (Mo. App. E.D. 2005).

## Discussion

### Point I

In Point I, Appellant argues the trial court erred in striking its pleadings because this measure was in excess of what was necessary to accomplish the purpose of discovery. This Court holds the trial court's decision to strike Appellant's pleading was not an abuse of discretion. The record supports Appellant demonstrated a pattern of contumacious and deliberate disregard for the authority of the trial court by failing to respond to Respondent's interrogatory request, and Respondent was prejudiced thereby.

"A trial court has an obligation to ensure that discovery rules are followed and to expedite litigation." *Noble v. L.D. Enterprises, Inc.*, 687 S.W.3d 11, 18 (Mo. App. W.D. 2024). "Rule 61.01 gives trial courts significant discretion to impose sanctions that are 'just' when a party fails to answer interrogatories, produce documents, or attend depositions." *Id.* (citation omitted). If sanctions are sought,

> The trial court is justified in applying sanctions where the record reveals a long course of failure to produce documents, or the facts show a pattern of repeated disregard to comply with discovery. Rule 61.01[4] provides the trial court may enter an order to strike the pleadings and render judgment by default against a party who fails to obey an order to answer interrogatories.

*Norber v. Marcotte,* 134 S.W.3d 651, 660 (Mo. App. E.D. 2004).

This Court will not find a trial court abused its discretion in striking a party's pleadings where the record sufficiently demonstrates both: "(1) the disobedient party engaged in a pattern of repeated disregard of the obligation to comply with the rules of discovery, i.e., the party has

---

[4] All references are to Missouri Supreme Court Rules (2023).

demonstrated a contumacious and deliberate disregard for authority of the trial court; and (2) the opposing party was prejudiced thereby." *Frontenac Bank*, 528 S.W.3d at 390. There is no requirement in the Supreme Court Rules governing sanctions mandating the trial court make specific findings as to either prong as a precursor to imposing sanctions. *Noble*, 687 S.W.3d at 18; *Binder v. Thorne-Binder*, 186 S.W.3d 864, 867 (Mo. App. W.D. 2006).

On appeal, Appellant contends the trial court, under the circumstances, should have explored the imposition of lesser sanctions, which would have been fully curative. We find this argument without merit. Rule 61.01 does not require a trial court to impose sanctions in a methodical or particular sequence, rather it grants the trial court broad discretion to impose sanctions that are just under the circumstances. The circumstances here illustrate a troublesome pattern of discovery abuse in civil cases—abuses which are in direct opposition to the fundamental purpose of discovery and the Missouri Supreme Court's mandate, as illustrated by its recent revision of Rule 56.01 (General Provisions Governing Discovery), to increase efficiency and decrease litigation costs during the discovery phase of litigation.

In the present case, Respondent's counsel crafted a clear, concise, and unobjectionable interrogatory that went to the heart of Appellant's defense as to why it did not pay for Respondent's work it rendered at the gas station. Yet, Appellant forced Respondent to litigate unnecessarily and wastefully by repeatedly disregarding its obligation to answer Respondent's discovery requests, which warranted the sanctions that followed. On January 20, 2023, two months after Appellant was served with discovery, the trial court granted Respondent's first motion to compel and ordered Appellant to respond to Respondent's discovery requests within 10 days. Appellant, however, failed to comply with the trial court's initial order and Respondent moved for sanctions. Consequently, on March 3, 2023, the trial court imposed its first sanction, and ordered Appellant

6

to pay $750 in sanctions. Appellant eventually responded to the pending discovery requests, but in doing so, failed to provide a complete response to one of Respondent's interrogatory requests. Respondent subsequently filed another motion to compel concerning Interrogatory No. 6. The trial court held a hearing on April 20, 2023 on Respondent's motion, in which neither Appellant nor its counsel appeared. After the hearing, the trial court ordered Appellant to provide a "complete and verified response" to Interrogatory No. 6 within 10 days, and also warned Appellant if it did not comply with the order, it would have to "show cause as to why its pleadings should not be stricken as a sanction for its repeated discovery misconduct." This order undoubtedly put Appellant on notice the trial court was prepared to strike its pleadings, yet, Appellant failed to heed the trial court's warning and once again disregarded the trial court's order. Following the May 11, 2023 hearing, the trial court struck Appellant's pleadings.

Too often, courts, understandably so, become disenchanted with discovery disputes and are reluctant to fully and exhaustively engage with the parties when multiple disputes occur. In fairness, the reluctance typically stems from the expectation that all parties operate in good faith as is their duty. Here, however, the record demonstrates the trial court exercised a high degree of patience while also keeping with its obligation to ensure the discovery rules were followed. The trial court progressively imposed sanctions, each one harsher than the last, to gain Appellant's compliance, as the trial settings approached, the last trial being set for May 12, 2023. Contrary to Appellant's assertion the sanction of striking its pleadings was "not just, [and] exceeded the purposes of discovery," the trial court has the discretion to enter an order striking pleadings against the sanctioned party without a violation of a court order. *See Frontenac Bank*, 528 S.W.3d at 390 n.9. As referenced above, Respondent's efforts to receive a response to Interrogatory No. 6 involved multiple trips to the Courthouse and hearings before the Court, two motions to compel,

7

a motion for sanctions, at least three court orders mandating Appellant fully respond to Respondent's discovery requests, a show-cause hearing, a couple of lost trial settings, and, ultimately, the striking of Appellant's pleadings. While we admire the trial court's patience and restraint, Appellant's conduct was simply unacceptable. Under the circumstances, striking Appellant's pleadings was a just and an appropriate measure as Appellant had shown a pattern of contumacious and deliberate disregard for the trial court's authority by its repeated non-compliance throughout a four-month period. *See id.* at 392 (finding defendants engaged in a pattern of repeated disregard of the obligation to comply with the rules of discovery from September through December 2015 where the parties' trial was set for February 2016); *In re Marriage of Lindeman*, 140 S.W.3d 266, 271 (Mo. App. S.D. 2004) (finding the trial court did not abuse its discretion in striking husband's pleadings when trial court repeatedly ordered him to comply with wife's discovery requests and warned him of the consequences of his non-compliance); *Zimmer*, 171 S.W.3d at 81 (explaining the trial court did not abuse its discretion in striking defendants' pleading because the trial court had previously imposed a monetary sanction, which defendant did not pay).

Appellant further claims it did not disregard its obligation to comply with discovery rules because information responsive to Interrogatory No. 6 was provided to Respondent's counsel in e-mails in early 2023. We find this argument equally unpersuasive. "For purposes of Rule 61.01 '[a]n evasive or incomplete answer to an interrogatory is considered a failure to answer.'" *Noble*, 687 S.W.3d at 18 (quoting *Cosby v. Cosby*, 202 S.W.3d 717, 721 (Mo. App. E.D. 2006). Here, the record shows Appellant's response to Interrogatory No. 6 abruptly ended midway through the answer. The trial court found the answer was incomplete when it ordered Appellant to provide a *complete* response to Interrogatory No. 6. The record is also devoid of any entry showing Appellant

8

filed a certificate of service verifying it supplemented its response to Interrogatory No. 6. Thus, Appellant's response was incomplete and, by not providing a "complete and verified response," it continued to disregard its obligation to comply with discovery rules and the trial court's orders.

Lastly, Appellant argues no prejudice exists because Respondent had no need for the information requested in Interrogatory No. 6 and "the trial court simply signed off on Respondent's pre-written order and judgment, which itself merely asserted prejudice without providing arguments in support." As to Appellant's first argument, Appellant fails to develop an argument or point to anything in the record in support of its assertion the information requested in Interrogatory No. 6 was not necessary. Appellant advances only a conclusory argument that Respondent already had the information requested. As discussed above, the record is devoid of any entry showing Appellant provided a "complete and verified response" to Respondent. "[A] contention that is not supported with argument beyond conclusions is considered abandoned." *Drury Co. v. Missouri United School Ins. Counsel*, 455 S.W.3d 30, 37 n.3 (Mo. App. E.D. 2014) (citation omitted). As such, we will not entertain this unsupported argument.

We now turn to Appellant's claim the trial court merely signed Respondent's pre-written order and failed to make a finding as to prejudice. Appellant's claim fails because there is no rule mandating the trial court make a specific finding of prejudice as a precursor to imposing sanctions; the only requirement is the record support the finding of prejudice. *See Noble*, 687 S.W.3d at 18–19. Whether the trial court signed Respondent's proposed order is immaterial to this opinion. Here, the record supports Appellant's discovery violations repeatedly caused delay, causing the trial court to continue the trial setting several times, and deprived Respondent of information it needed to adequately prepare for trial. Thus, the record sufficiently shows Respondent was prejudiced by Appellant's repeated discovery violations.

Under the circumstances, we find the trial court did not abuse its discretion in striking Appellant's pleadings.[5]

Point I is denied.

## Point II

In Point II, Appellant contends the trial court erred in striking Appellant's pleadings and entering a default judgment against Appellant because the trial court did not allow a record to be made at the show-cause hearing. We do not reach the merits of Appellant's argument because Appellant failed to preserve the issue for appellate review.

Appellant contends the trial court did not hear oral arguments or allow the parties to put forth any evidence in support or against Respondent's motion. However, there is nothing in the record showing Appellant requested an evidentiary hearing. Appellant also did not file any post-judgment motions claiming the trial court erred in imposing sanctions without an evidentiary hearing. "We will not consider an allegation of error in a civil appeal unless the trial court was given an opportunity to rule on the question." *Matter of O'Reilly*, 640 S.W.3d 128, 130 (Mo. App. S.D. 2022). This Court "will not, on review, convict a trial court of error on an issue that was not put before it to decide." *Mitalovich v. Toomey*, 217 S.W.3d 338, 341 (Mo. App. E.D. 2007) (citations omitted). Because this issue was never presented to or decided by the trial court, it is not preserved for appellate review. *See id*.

---

[5] As a last note, this case illustrates the current meandering state of the discovery phase of litigation. The propounding party now frequently becomes unfairly saddled with increased and unwarranted work to simply obtain the discoverable information that is essential to the litigation and to which that party is entitled. And, when invalid objections are then overruled, withdrawn, or abandoned, there are usually no consequences. Our system depends on the responding party assuming its burden, mandated by Rule 56.01, by either objecting in good faith or by responding fully. Tactics used to circumvent this burden results in delay, increased costs in the form of attorneys' fees, and the waste of valuable court resources and time. Thus, we applaud the trial court and all courageous judges who employ the full breadth of options allowed by Rule 61.01, and encourage judges to continue doing so to lessen the rampant discovery abuse happening in Missouri courts.

Point II is denied.

## Conclusion

Accordingly, the judgment of the trial court is affirmed.[6]

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.

---

[6] Respondent's filed a motion to dismiss Appellant's appeal and a motion for damages for frivolous appeal, which were taken with the case. Both motions are denied.